*Castleman vs. Homes; Same vs. Cox; Same vs. Farrar; Same vs. Nichols---and Dallam vs. Homes; Same vs. Cox; Same vs. Farrar;. Same vs. Nichols.*

Chancery.

Eight cases of writs of error, to the Fayette Circuit; Jesse Bledsoe, Judge.

Case 124.

*Writs of error. Statutes. Reorganizing act. Parties. Practice in this court.*

Judge Mills delivered the Opinion of the Court.

October 16.

The Fayette Paper Manufacturing company was incorporated by act of assembly, and a clause inserted in the charter, that all stockholders at the date when a debt was contracted, should be bound individually for the debts, in case the company failed.

Charter of the Fayette Paper Manufacturing Co.

The company became insolvent, and Samuel Farrar, Joseph Nichols, Elizabeth Cox and Robert Holmes, each having obtained judgments at law, in which unsuccessful executions were prosecuted, brought their several bills in equity against the stockholders, and obtained their several decrees for the proportion of their debts against each stockholder, and a joint decree against all for costs.

Judgment against the corporation; bill against the stockholders; and several decrees against them for their respective portions; joint decree for costs.

To reverse each of these decrees, David Castleman, one of the stockholders, issued his several

Several writs of error by the stockholders.

CASTLEMAN
&c.
vs.
HOLMES &c.

Cases transferred from the *new court* to thi., by the act of Jan'y, 1827, have the same rules applied to them here, as though they had originated in this court.

In case of a decree in one suit, against a number of defendants, directing them severally to pay a certain sum each, and ordering them all jointly to pay the costs, the writ of error must be joint by all the defendants; one cannot maintain it.

Writs of error may be amended, by adding or striking out plaintiffs or defendants. But—

Where the defendants in the court below have sued out their several writs of error, and the causes

writs of error against the respective complainants, and William S. Dallam also issued his four several writs against the same parties.

Each of these writs however, if writs they can be called, were issued, *not from* the Court of Appeals, but from the tribunal which was erected by the act of assembly, styled the reorganizing act, usually called the new court. On the demolition of that tribunal, these records were brought into this court, and placed on this docket by act of assembly (4 Monroe IV) to be tried as other cases brought here, and we conceive that it is not competent for either Dallam or Castleman, to prosecute several writs of error, to reverse these decrees.

Without leaving it to be inferred that we admit that either of these writs in their origin were of any validity, we suppose the correct meaning of the act of assembly which brought the causes here, to be, that they should stand in the same situation, and have the same rules applied to them, as would be applied if they had been originally brought here, by writs of error precisely similar to the process by which they were brought in the New Court. So that although the causes are brought here by act of assembly, and not by writ from this court, they should be heard or disposed of exactly as if there were such writs. Any rule, therefore, which would prevent the causes being heard on the merits, if these were valid writs of error, ought to prevent us from trying them as they stand.

The decree for costs in each of these cases is joint, and this requires a joint writ of error, even if the other parts of the decrees were several, which is not admitted. But such writs ought to be quashed unless they can be amended. It is true, the law as it stood when these suits began in the new court, did allow, as it yet does, amendments in writs of error, by inserting either plaintiffs or defendants. But who in this case shall amend? Shall it be Castleman, or Dallam? It might be a dispute between them, not easily settled, which should dismiss and pay costs, and which should save his suits by amendment. But suppose that these two plaintiffs in error could

adjust that matter, we do not conceive ourselves bound to propose to them the negotiation. Moreover ought they to be allowed to make such a treaty without making the defendants in error a party thereto? Have they not as good a right to elect which writ should stand, and which be dismissed, as their interest are affected by either, as the opposite party? Or rather, as both writs are wrong, and each would have an equal right to amend, and both cannot amend, we conceive that the defendants have the right to insist upon the disposition of both writs without waiting for terms to be made between the two plaintiffs, or being bound to look for the costs to which ever of them these terms should point out. Each suit of the whole eight, as they are not brought in a way in which the merits can be tried, must therefore be dismissed, by separate orders, with costs.

*Wickliffe* for plaintiffs; *Chinn* for defendants.

CASTLEMAN &c. vs. HOLMES &c.

*have been heard, the court will not inform them of the defect, and invite them to unite in one, and dismiss the other, but will dismiss both writs.*