CASE 4—FORFEITED RECOGNIZANCE—JUNE 7.

## Tharp vs. Commonwealth.

APPEAL FROM MARION CIRCUIT COURT.

The term larceny does not, since the adoption of the Revised Statutes, necessarily import a felony. Public offenses are divided into two classes, both by the Revised Statutes and the Criminal Code. Those punishable with death or confinement in the State prison are felonies, and all other offenses, whether at common law or made so by statute, are misdemeanors.

A single justice has power to examine and hold to bail for misdemeanors; and is only required to call in another justice when the party in custody is charged with felony.

That justices of the peace, in taking recognizances, have acted within the pale of their authority, is a presumption of law which will stand until the contrary is proved.

A recognizance, taken by a single justice of the peace, showed that the defendant was charged with "larceny," but whether petit or grand larceny does not appear. *Held*—that the presumption must be indulged that the charge was a misdemeanor, and that the justice, in the exercise of his rightful authority, made the proper inquiry, and held to bail as he might lawfully do.

In the case, *supra*, neither the penalty of the bond, nor a recital in the summons referring to the indictment found by the grand jury, and not necessary to be stated, tends to rebut the legal presumption in favor of the justice.

Nathaniel Tharp entered into a bail bond in the penalty of $500, with Darcus Tharp, the appellant, as his surety, for his appearance before the Marion circuit court on the first day of its May term, 1860, to answer a charge of larceny. The bond was entered into before a justice of the peace for Marion county. Nathaniel failed to appear, a forfeiture of his bond was taken, and, after summons against the appellant as surety, a judgment was rendered against her for the penalty, and she appeals. The summons required her to show cause why judgment should not go against her for $500, on account of the forfeiture of the bail bond executed for the appearance of the said N. Tharp in said court, at its May term, 1860, "to answer an indictment found against him for g. larceny."

Shuck & Woods, for appellant, cited *Criminal Code, sec.* 66 ; 18 *B. Mon.*, 28 ; 14 *B. Mon.*, 390.

A. J. James, Attorney General, for Commonwealth, cited *Criminal Code, section* 349 ; *Ib., sections* 60, 61, 66, 80 ; 18 *B. Mon.*, 29.

A. Barnett, on same side, cited *Criminal Code, secs.* 92, 79, 67, 68, 80.

CHIEF JUSTICE STITES DELIVERED THE OPINION OF THE COURT:

This judgment must be affirmed.

The court below did not abuse its discretion in refusing to allow appellant to file her answer at the time it was tendered. It was not intimated to the court, when the demurrer was overruled, that any further defense would be made, and no postponement of the case was asked for to allow such defense. Besides, after the motion to set aside the judgment, and permit an answer to be filed, had been entered and continued to the next term, and after it was called up for action, no answer was then tendered and no reason assigned for further delaying the case, but the judgment overruling the motion was entered without objection. The reason presented and relied on for not

tendering the answer before the judgment just mentioned was rendered was wholly insufficient, and we think the court was fully warranted in refusing any further pleadings or delay.

The recognizance upon its face shows that Tharp was charged with "larceny," and it seems to have been acknowledged before one justice. Whether it was "petit larceny," punishable with stripes, or grand larceny, punishable with confinement in the penitentiary, does not appear. Neither does it appear whether any other justice was associated with the one who took the recognizance, upon the examination in the country.

But conceding that the fact that but one justice certified the recognizance is sufficient to warrant the conclusion that he alone presided at the examination, it by no means follows that his action in the premises was unauthorized. If the offense with which Tharp stood charged before the justice had been a felony, and it so appeared from the record, then, as decided by this court in *Cummins vs. Commonwealth*, (18 *Ben. Mon.*, 29,) the action of the single justice in holding him to bail would have been unauthorized, and the judgment upon the recognizance in this case clearly erroneous.

But the term larceny does not, since the adoption of the Revised Statutes, necessarily import a felony. Public offenses are divided into two classes, both by the Revised Statutes and the Criminal Code. Those punishable with death or confinement in the State prison are felonies, and all other offenses, whether at common law or made so by statute, are misdemeanors. (*Rev. Statutes*, Stanton's edition, vol. 1, 370; *Criminal Code*, sections 2, 3, 4.) Larceny of goods and chattels of four dollars or more is punishable with confinement in the penitentiary, and is therefore a felony. But larceny of goods and chattels of less value than four dollars is punishable only with stripes, not exceeding thirty-nine, and is nothing more than a misdemeanor.

A single justice has power to examine and hold to bail for misdemeanors; and is only required to call in another justice when the party in custody is charged with felony. (*Criminal Code, sec.* 66; *Cummins vs. Commonwealth, supra.*) As then the

word "larceny" used in the recognizance may import either a felony or misdemeanor, the question arises what meaning should be given to it?  Shall it be presumed that the accused was charged with a felony, and that the justice of the peace, in violation of law, exceeded his power, and, by himself, undertook to inquire into the charge and hold to bail; or shall the presumption be indulged that the charge was a misdemeanor, and that the justice, in the exercise of his rightful authority, made the proper inquiry and held to bail, as he might lawfully do?  To this inquiry we find a full response in the case of the *Commonwealth vs. Kimberlain*, (6 *Mon.*, 44,) in which the court say: "We are bound to notice the authority and jurisdiction conferred by law upon the justices of the county; and that they acted within the pale of their authority, in taking a recognizance, is a presumption in law which will stand until the contrary is proved."

The presumption in favor of the action of the justice in this place is not at all affected by what is recited in the summons against the appellant.  That refers to the indictment returned by the grand jury, was not necessary to be stated, and cannot be regarded as relating to the character of the offense or charge mentioned in the recognizance.

Neither does the amount of the penalty tend to rebut the legal presumption in favor of the justice.  The amount of the penalty is a matter within the discretion of the court, controlled by various considerations, and always, to some extent, by the ability of the party charged.

What particular circumstances attended this case, or what controlled the action of the justice in fixing the amount of the penalty, does not appear, and of course no effect can be given to his action in that regard, in determining the character of the offense.

No error available for reversal is perceived, and the judgment is *affirmed*.