CASE 6—RECOGNIZANCE—DECEMBER 5.

# Rice, &c., vs. Commonwealth.

### APPEAL FROM BATH CIRCUIT COURT.

1. "Striking with intent to kill" is but a charge for an aggravated *misdemeanor*, and not for a *felony*, under the statute.

2. Police judges are magistrates in contemplation of the Criminal Code. (*Commonwealth vs. Cummins*, 18 *B. Mon.*)

3. A single justice, in cases of misdemeanor, can hold to bail and take the bail bond. (*Thorp vs. Commonwealth*, 3 *Met.*, 411.)

4. A writ of *habeas corpus* or process on a charge of treason, felony, or for a riot or breach of the peace, or upon an escape out of custody, *may be executed on Sunday*. (*Sec.* 12, *art.* 1, *chap.* 91, 2 *Stant. Rev. Stat.*, 342.)

5. The right to have certain writs and process executed on Sunday, includes the right to sue them out, and authorizes the proper officers to perfect this right by issuing such writs and process on Sunday.

6. The issuing and executing the warrant on Sunday was legal, and the police judge had the right, at the defendant's request, to grant him two days for preparation for his examining trial, and to take his recognizance for his then appearing.

7. A bail bond or recognizance, executed before an officer authorized to take the same, on Sunday, is legal and binding on the defendant and his sureties.

8. There is a material distinction between an officer *de facto*, with generel duties to perform through a stated term of office, and a special court organized for a single specified trial.

9. When a man is exercising and discharging the general duties of an office, claiming right thereto under a commission or appointment, he is an officer *de facto*, and generally, if not universally, his acts are good as to third parties, however irregular his appointment or qualification, and notwithstanding he may be personally liable to a party aggrieved by his official action. (*Justices of Jefferson Co. vs. Clarke*, 1 *Mon.*, 82; *Wilson vs. King*, 3 *Littell*, 459; *Rodman vs. Harcourt & Carrico*, 4 *B. Mon.*, 224.)

Rice, &c., vs. Commonwealth.

10. The validity of a bail bond being questioned upon the ground that the police judge before whom it was executed was qualified by a notary public, *the Court say:* "We do not say that, even as the police judge was acting under a regular commission and appointment, that his oath would be void; but, if it was legally invalid as to himself, his acts as to third parties are binding."

R. GUDGELL & J. M. NESBITT,                    For Appellants,
               CITED—

*Criminal Code, secs,* 47, 23, 24, 25, 26, 48, 49.
*Session Acts,* 1849–50, *page* 477.
*Rev. Stat., sec.* 12, *art.* 1, *chap.* 91, 2 *Stant.,* 342.
3 *Duvall,* 437 ; *Moore vs. Hagan.*
*Rev. Stat., sec.* 13, *chap.* 71, 2 *Stant.,* 192.
*Rev. Stat., sec.* 11, *chap.* 71, 2 *Stant.,* 191.
1 *Bush,* 176 ; *Tompert vs. Lithgow.*

JOHN RODMAN, Attorney General,                    For Appellee,
               CITED—

*Rev. Stat.,* 1 *Stant., sec.* 12, *page* 342.
2 *Duvall,* 437 ; *Moore vs. Hagan ;* 5 *Littell,* 199.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

This is a judgment on a forfeited recognizance, executed on Sunday, before the police judge of Owingsville, who had issued the warrant, to appear on a future day for a preliminary trial.

It is urged in error that the bond was invalid, because the police judge could not take it; and if he could, then not on Sunday, and also because the police judge, though regularly commissioned and acting as such, had been qualified before a notary public, who had no legal authority to administer official oaths.

The charge in the warrant was for "*striking with intent to kill,*" and *not for wounding with such intent ;* and therefore it was but a charge for an aggravated misdemeanor under our statutes, and not for a felony.

By section 46, Criminal Code, "a *magistrate* of the county in which a public offense has been committed, is authorized to examine the charge and commit to jail or hold to bail the person charged with its commission.

By section 48, the magistrate may adjourn the examination trial from time to time, not exceeding two days at each adjournment.

By section 49, if the offense be a misdemeanor, "*the defendant may give bail.*"

In *Commonwealth vs. Cummins* (18 *B. Mon.*) this court held, that police judges were magistrates in contemplation of the Criminal Code; and in *Thorp vs. Commonwealth* (3 *Met.*, 411) it held, that in misdemeanors a single justice could hold to bail and take the bail bond.

. This being a charge of misdemeanor, the police judge could adjourn the examination for two days and take a bail bond for the defendant's appearance.

It is provided by *section* 12, *article* 1, *chapter* 91, *Revised Statutes* (2 *Stant.*, 342), that "a writ of *habeas corpus*, or process on a charge of treason, felony, or for a riot or breach of the peace, or upon an escape out of custody, *may be executed on Sunday.*"

These writs cannot be executed unless they shall first have been issued; the right, therefore, either to the Commonwealth or individuals, to have such executed on Sunday, gives the right to sue them out on that day. The right to a party to sue out such writs authorizes the proper officer to perfect this right by issuing them. The issual and executing the warrant on Sunday was, therefore, legal, and the police judge had the right to grant, as he did, at the defendant's request, two days for preparation for his examining trial, and to take his recognizance for his then appearing.

There is a material distinction between an officer *de facto*, with general duties to perform through a stated

term of office, and a special court organized for a single specified trial.

The board of aldermen of the city of Louisville could only become a court to try the impeachment of the mayor of the city upon being legally sworn by a duly authorized officer, and their duties as a court expired with the trial; hence it was held, in *Tompert vs. Lithgow*, that the board, not being sworn by an officer authorized to administer official oaths, was really no court, and their judgment a nullity.

But when a man is exercising and discharging the general duties of an office, claiming right thereto under a commission or appointment, he is an officer *de facto;* and generally, if not universally, his acts are good as to third parties, however irregular his appointment or qualification, and notwithstanding he may be personally liable to a party aggrieved by his official action.

In *Justices of Jefferson County vs. Clarke* (1 *Mon.*, 82), this court held, as far back as 1824, that whilst the appointment and commission of Clarke as a justice of the peace, by the Governor, was without authority of law and against an express provision of the State Constitution, and gave him no right to the office, yet the court said, "his official acts are, no doubt, valid ; for it has been repeatedly decided by this court that the acts of an officer *de facto* are not void."

In *Wilson vs. King* (3 *Litt.*, 459) this court held, where a deputy sheriff had afterwards accepted the office of justice of the peace, but still continued to execute the duties of deputy sheriff after entering upon his office of justice of the peace, and discharging its duties, that, though the offices were incompatible, and the acceptance of the latter was a renunciation of the former, yet, as to

third parties, his acts as deputy sheriff were good as an officer in fact.

And in *Rodman vs. Harcourt and Carrico* (4 *B. Mon.*, 224), which was an action by Rodman against Harcourt for rendering judgment and issuing an execution against him as a justice of the peace, and against Carrico for executing it as a constable, and which involved the legality of Harcourt's appointment as a justice of the peace, this court held, that as Harcourt was a postmaster, appointed by the United States, when he was appointed a justice of the peace, and continued to discharge its duties after he entered on the discharge of the duties of justice of the peace, that he was ineligible to the latter as long as he exercised the former office; and that as his appointments were under two distinct governments, that the common law principle, that the acceptance of one office was a surrender of the other, did not apply, as this only applied to incompatible offices under the same government; therefore, it held that his exercise of the office of justice of the peace was in conflict with the State Constitution, and, so far as he was concerned, void, and he responsible; but that, as to the constable, he was an officer *de facto*, and the constable protected by his process.

It is not only clear, therefore, that the proceedings of this police judge bound the defendant and his sureties, but it may be well questioned, as he entered into this bond voluntarily, without trial or question, whether he can now challenge its validity.

We do not say that, even as the police judge was acting under a regular commission and appointment, that this oath would be void; but if it was legally invalid as to himself, his acts, as to third parties, are binding.

Therefore, the judgment is affirmed.