CASE 87—WARRANT FOR DISORDERLY CONDUCT UNDER CITY ORDINANCE—
VALIDITY THEREOF—JUNE 7.

# City of Newport v. Holly.

108  621
f120  333

APPEAL FROM MONTGOMERY CIRCUIT COURT.

MUNICIPAL CORPORATIONS—VALIDITY OF ORDINANCE—PENALTY LESS
THAN THAT FIXED BY STATUTE—RIGHT TO JURY TRIAL.

Held:  1. Kentucky Statutes, section 3490, provides that the board
of council of a city of the fourth class shall have power "to
make by-laws and ordinances for the carrying into effect of
all the powers granted for the government of the city and to
do all things properly belonging to the police of incorporated
cities." Id., section 3495, provides that "arrests may be made
for drunkenness or disorderly conduct at any time without
warrant." Id., section 3513, provides that the police court of
the city shall have jurisdiction over "cases of indecent or im-
moral behavior, or conduct calculated to disturb the peace and
dignity of said town." Held, that an ordinance providing that
"whoever shall be guilty of any boisterous or disorderly con-
duct in the city shall be fined not less than five nor more than
twenty dollars" is valid.
2. Though that ordinance prescribes a less penalty for the offense
of disorderly conduct than is prescribed by Kentucky Statutes,
section 1268, for the offense of a breach of the peace, riot, rout,
unlawful assembly, or affray, it does not violate the Con-
stitution, section 168, providing that "no municipal ordinance
shall fix a penalty for a violation thereof at less than that im-
posed by the statute for the same offense," as the offenses are
not the same.
3. Criminal Code Practice, section 319, providing that accused may
have a jury trial in all cases in which a fine of more than $16
may be imposed, was repealed, as to the prosecutions in the
police court of a city of the fourth class, by Kentucky Statutes,
section 3530, empowering the police judge in cities of that class
to hear and determine cases within his jurisdiction, except
"where the fine may be more than $20."                    ,
4. Under the Constitution, section 7, providing that "the ancient
mode of trial by jury shall be held sacred and the right thereof
remain inviolate," and Id. section 11, providing that the ac-
cused "in prosecutions by indictment or information shall have

speedy, public trial by an impartial jury of the vicinage," minor offenses may be tried by a police judge without a jury, as such offenses were not either at the time of the adoption of the constitution, or at common law, required to be tried by a jury.

W. B. WHITE, Attorney for appellant.

1. The city ordinance is valid.
2. The police court had jurisdiction.
3. Where the punishment for violation of a city ordinance can not exceed a fine of $20, the accused can not legally demand a trial by jury.
4. The circuit court could properly consider only the validity of the "Disorderly Conduct" ordinance, and the legality of section 3530 of the Kentucky Statutes, and should have dismissed so much of the appeal for want of jurisdiction as stayed proceedings on the judgment in the police court.
5. The warrants are not defective, but even if they are, the circuit court erred in passing upon them at all.

Ky. Stats., secs. 3513, 3530, 3519; Sec. 156 Ky. Const.; Long v. Stine, 19 Ky. Law Rep., 246; Hall v. Com., &c., 19 Ky. Law Rep., 578; Wade v. Com., 3 Ky. Law Rep., 441.

HENRY R. PREWETT for appellee.

1. The city of Mt. Sterling has no right to pass an ordinance for disorderly conduct under section 3490 of the Kentucky Statutes, and fix the penalty at less than that fixed by the statute.
2. The defendant was entitled to a jury trial which was demanded and refused.

Ky. Stats., secs. 3490, 1268, 3519, 3530; Criminal Code, sec. 319; Ky. Constitution, secs. 7, 11, 248.

Opinion of the court by JUDGE HOBSON—Reversing.

Appellee was arrested upon two warrants issued from the police court of the city of Mt. Sterling, charging her with the offense of disorderly conduct committed in the city, and was fined five dollars in each case. She prosecuted an appeal to the Montgomery Circuit Court, insisting that the by-law was void because unauthorized by the charter, and that she had been improperly denied trial by jury in the police court. The circuit court sustained

her contention, and dismissed the warrants. From this judgment the city has appealed to this court.

The validity of the by-law is the first question to be determined. Mt. Sterling is a city of the fourth class. By section 3490, Kentucky Statutes, for the government of cities of this class, the board of council, in addition to other powers therein granted, has power, within the city, "to pass ordinances not in conflict with the Constitution or laws of this State or of the United States" (subsection 1); "to pass ordinances inflicting fines on drunkenness and breaches of the peace, for keeping gaming houses, bawdy or disorderly houses of any kind; to restrain, suppress and punish indecent or obscene conduct or exhibition or the use of obscene or profane language" (subsection 14); also, "to make by-laws and ordinances for the carrying into effect of all the powers granted for the government of the city and to do all things properly belonging to the police of incorporated cities" (subsection 33). By section 3495 it is further provided that "arrests may be made for drunkenness or disorderly conduct at any time without warrant." By section 3513 the police court of the city is given jurisdiction, among other things, "over affrays, riots and routs, breaches of the peace, unlawful assemblies and cases of indecent or immoral behavior, or conduct calculated to disturb the peace and dignity of said town," and of "all offenses arising out of ordinances enacted by the council for the enforcement of the powers granted them by law." The ordinance of the town under which appellee was arrested and tried is as follows: "Whoever shall be guilty of any boisterous or disorderly conduct in the city of Mt. Sterling shall be fined not less than five or more than twenty dollars." Boisterous or disorderly conduct is certainly covered by the provision of the charter for the punish-

ment of "conduct calculated to disturb the peace and dignity of said town," and, if there could be any question of this, without doubt regulations for the prevention of such conduct are "things properly belonging to the police of incorporated cities." The act itself expressly recognizes the offense of disorderly conduct, in the provision that arrests may be made for it at any time without warrant. We conclude, therefore, that the city had authority to make the ordinance for the punishment of disorderly conduct.

But it is insisted further, that the ordinance is void because it imposes a different penalty from that imposed by the general law for breach of the peace, riot, rout, unlawful assembly, or affray; section 1268, Kentucky Statutes, providing for each of these a fine of not less than one cent nor more than $100, or imprisonment not less than five nor more than sixty days, or both. Section 168 of the Constitution provides: "No municipal ordinance shall fix a penalty for a violation thereof at less than that imposed by statute for the same offense. A conviction or acquittal under either shall constitute a bar to another prosecution for the same offense." The question therefore arises, is the offense of disorderly conduct the same as the offense of a breach of the peace, riot, rout, unlawful assembly, or affray? Of course, one who commits a breach of the peace, riot, rout, or affray is necessarily guilty of disorderly conduct but the latter term is not so broad as the former. Conduct may be disorderly, and not be a breach of the peace, or constitute a riot, rout, or affray. In the government of the crowded population of cities, it is necessary to punish many things that in the country may be passed unnoticed. In thickly-settled communities the beginnings of evil must be checked. This

is particularly true of conduct often not amounting to a breach of the peace, which is "calculated to disturb the peace and dignity" of the community.    Regulations of disorderly conduct are therefore things generally recogniz- ed as "properly belonging to the police of incorporated cities."  While disorderly conduct may in many cases be a breach of the peace, it is not necessarily so.   The offenses are not, therefore, the same.   Summary proceedings for the suppression and punishment of such offenses are es- sential to the good order of cities.   In Dill. Mun. Corp. (4th Ed.) section 407, it is said:  "Power 'to prevent dis- turbances and disorderly assemblages and maintain the good government of the city' authorizes it to take meas- ures to preserve the peace and to protect the lives and property of the citizens and the acts of the city in procur- ing the loan of arms, and giving a bond for their return, are valid and binding upon it.  Authority to preserve the peace and quiet of the place authorizes an ordinance for- bidding 'all disorderly shouting, dancing etc., in the streets and public places,' though such conduct violates no exist- ing State law."   And in notes to sections 319 and 268 he refers to a number of authorities sustaining ordinances punishing speechmaking in the streets, loud singing, and other acts not essentially criminal in their nature, but gen- erally confided to the supervision and control of the local government of cities and towns, for the better preserva- tion of peace and order within their limits.

Section 3530, Kentucky Statutes, empowers the police judge to hear and determine cases within his jurisdiction, except "where the fine may be more than twenty dollars," and in such cases the defendant may demand that the is- sue of fact be tried by a jury.   The police judge refused

to allow appellee a jury trial, and it is insisted that in this he erred, as by section 319 of the Criminal Code of Practice the defendant is entitled to a jury trial in all cases in which a fine of over $16 may be imposed; but this provision of the Code was repealed by the Kentucky Statutes passed since its adoption, pursuant to section 156 of the Constitution, for the government of the cities of the State. Nor is the statute unconstitutional on the ground that it denies a jury trial. Section 7 of the Constitution provides, "The ancient mode of trial by jury shall be held sacred and the right thereof remain inviolate;" and, by section 11, the accused "in prosecutions by indictment or information shall have speedy, public trial by an impartial jury of the vicinage." The two sections together preserve the ancient mode of trial by jury in criminal cases, and require this trial to be speedy and public. But, when this Constitution was adopted, provisions similar to section 319 of the Code of Practice had long been in force in this State, and had been upheld by the uniform current of authority, for the reason that such offenses were not, at common law, required to be tried by a jury. In the note to Steamboat Co. v. Roberts, 48 Am. Dec. 190, 191, the learned editor says: "In inferior courts, where the amount involved is trifling, it has always been the practice both in England and in this country, from the earliest colonial times, to dispense with trial by jury. . . . Minor offenses were at the common law, and before the adoption of the State Constitutions, tried by magistrates and justices of the peace without jury. To these cases the constitutional provision does not apply." He then quotes from Chief Justice Redfield in State v. Conlin, 27 Vt. 321, in regard to the constitutional provision guarantying trial by jury, as follows: "It has not, and was not intended

City of Newport v. Holly.

to have, any application to those minor offenses which chiefly concern the regulation of the internal police of the State, and which, for all practical purposes, would be effectually paralyzed by subjecting the proceedings in all cases to the cumbrous detail and heavy machinery of trial by jury of twelve men, to which the article undoubtedly refers. It is vain to affect to believe that the framers of this article did not comprehend how trials in the police courts of the cities and towns of this country and England had for centuries been conducted." To same effect, see Cooley, Const. Lim. side page 319, and notes; Dill. Mun. Corp. sections 452-439. In section 428, Judge Dillon says: "We have elsewhere shown that the courts have uniformly held that it was competent for State Legislatures to create municipal corporations, with powers of local government, and to authorize them to adopt ordinances or by-laws, with appropriate penalties for their violation. The power to do this includes, by fair implication, the power to authorize violations of ordinances . . . to be tried and determined in a summary manner by a local or corporation tribunal."

The warrants are in the usual form, and are sufficient. Judgment reversed, and cause remanded for further proceedings consistent with this opinion.

White, J., dissenting.