## Mobile & Ohio Railroad Company v. Board of Drainage Commissioners Hickman County, et al.

(Decided January 24, 1922.)

### Appeal from Hickman Circuit Court.

Drains—Report of Commissioners—Exceptions.—The report of the board of drainage commissioners as to the benefits accruing to a railroad or other landowner by reason of the construction of a drainage ditch is prima facie evidence of such benefit, and before a court, on an exception to said report, can make a contrary finding there must be evidence sufficient to overcome such prima facie case.

KANE & BULLOCK for appellant.

J. D. VIA for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

In this proceeding for the establishment of Bayou de Chien drainage district in the counties of Fulton, Hickman and Graves it is admitted by the parties that all the steps taken, up to and including the filing of the exceptions of the Mobile & Ohio Railroad Co., on February 27, 1921, to the confirmation of the appraisers' report, are regular and binding upon the exceptors, but it is insisted by the said railroad company that the order of the lower court overruling its exceptions to the report of the appraisers, assessing it with one thousand dollars ($1,000.00) as benefits derived from the drainage project, is against the weight of the evidence, and, therefore, erroneous, to correct which it prosecutes this appeal. The drainage district is many miles in length though narrow and irregular, and contains about five thousand acres. The ditch passes over the right of way of appellant, Mobile & Ohio Railroad Company, at a point where it maintains a trestle more than four hundred feet long and of an average height of ten or twelve feet. The valley at

this point, as at other points in the drainage district, is low and soggy and generally covered in part by water. Occasionally backwater from the Mississippi overflowed the tracks of the railroad company, and there is some evidence indicating that the headwater from Bayou de Chien unfavorably affected the roadbed and tracks of the railroad company, and that on one or more occasions, in case of high water, debris had been cast upon the tracks which had caused the railroad to incur considerable expense in removing same. The railroad company denies that the physical efficiency of its railroad, right of way or other property will be increased in the sum of $1,000.00 or any sum at all, and insists that the average annual maintenance cost of its railroad, right of way and other property at that point will not be decreased in the sum of $1,000.00, or in any sum whatever, and says that it will receive no protection to its track, right of way or other property from the proposed improvement of Bayou de Chien by the construction of the drainage ditch. On the trial of the exceptions in the lower court the railroad company introduced its division engineer, supervisor of bridges and supervisor of tracks, all of whom testified in substance that the water in Bayou de Chien had never occasioned the railroad any appreciable trouble, and that in their judgment the physical efficiency of the railroad would not be increased, nor the average annual maintenance cost reduced, and no benefit whatever would, so far as the witnesses were able to judge, accrue to the railroad company or its property.

The report of the appraisers was *prima facie* evidence of all the facts and conclusions set forth therein. Subsection 18 of section 2380b, Kentucky Statutes; Book, et al. v. Trigg, et al., 166 Ky. 664. We are of the opinion that the evidence heard by the trial court on the exceptions was not sufficient to overcome the *prima facie* case made out by the report of the appraisers. Giving proper weight to the finding of fact by the lower court, we are of opinion that the judgment should be, and it is, affirmed.

Judgment affirmed.