## Wells v. Commonwealth.

(Decided September 29, 1922.)

### Appeal from Letcher Circuit Court.

1. Indictment and Information—Criminal Law—Carrying Concealed a Deadly Weapon.—A valid indictment for the offense of carrying concealed upon or about one's person a deadly weapon, other than an ordinary pocket-knife, must allege that the weapon was carried concealed.

2. Criminal Law—Directing Verdict.—In the trial of persons accused of crimes and misdemeanors, a directed verdict of conviction must never be given, where there is a plea of not guilty.

3. Sheriffs and Constables—Deputies—Appointment.—A deputy sheriff cannot be appointed, except with the approval of the county court, and this approval must be shown by an order of that court.

R. MONROE FIELDS for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—Reversing.

William Wells was accused by an indictment in the Letcher circuit court of the offense of carrying concealed upon and about his person a deadly weapon, a pistol. He demurred generally to the indictment, but the demurrer was overruled. He then entered a plea of not guilty. The witness for the Commonwealth, upon whose testimony the indictment was found, being absent, for the purposes of a trial, Wells admitted in open court and agreed that it be considered as proven ''that at the time stated in the indictment he had the pistol therein charged, and that he was carrying it in the manner set out in the indictment, and that it was in Letcher county and within one year before the indictment.''

At the conclusion of all the evidence, he moved the court to direct the jury to find him not guilty, but this motion was overruled. The court then instructed the jury to find appellant guilty, and to fix his punishment in its discretion within the minimum and maximum penalties prescribed for such an offense. The jury under the instructions of the court returned a verdict finding him guilty and fixing the penalty. The judgment was rendered accordingly, and in addition to the penalty it was adjudged that he be disfranchised for the period of two years. The motion for a new trial was overruled, and he has appealed.

(a) The commission of the acts, which it was alleged, made the appellant guilty of the offense of which he was accused, were set out in the descriptive portion of the indictment, as follows, viz.: "The said William Wells on the 16th day of January, 1922, in the county aforesaid, did unlawfully, wilfully and knowingly carry upon and about his person, a deadly weapon, to-wit, a pistol, and other than an ordinary pocket knife." It will be observed that this language does not charge him with carrying the pistol concealed and the offense of carrying concealed upon or about one's person a deadly weapon cannot be committed otherwise than by carrying the weapon concealed. To have proven the carrying of a deadly weapon in the manner charged in the indictment would not show him to have been guilty of any public offense, as it is not unlawful to carry a deadly weapon, otherwise than concealed. Hence, the demurrer should have been sustained.

(b) The court, also, erred in directing a verdict of conviction. In the trial of crimes and misdemeanors, this court has continuously held, that it is the duty of the trial court to instruct the jury upon all the law of the case whether requested to do so or not. The entire law of the case, in the instant action, was an instruction predicated upon the facts alleged in the indictment, directing the jury to find a verdict of guilty, if it believed beyond a reasonable doubt, such facts to have been proven to be true, and another directing a verdict of acquittal, if it had a reasonable doubt of the facts necessary to constitute guilt as set out in the first instruction, having been proven to have existed. In the trial of a crime or misdemeanor the court may direct a verdict of not guilty, when there is no evidence of guilt, but, to direct a verdict of conviction is never permissible in such a trial when there is a plea of not guilty. Lucas v. Commonwealth, 198 Ky.

818; section 182, Criminal Code; Bardin v. Commonwealth, 191 Ky. 651.

(c) The special plea offered by appellant, to the effect that he was deputy sheriff and in the execution of his duty at the time, he was accused of having the pistol, did not present a valid defense. One can not be appointed a deputy sheriff without the approval of the county court, and the court can not make such approval, except by an order to that effect, entered by the direction of the judge of the county court. Sections 4141 and 4560, Kentucky Statutes; Buckles v. Commonwealth, 113 Ky. 795. In the instant case, no order of approval of the appointment as deputy sheriff, was ever entered in the county court. The clerk of that court proves that the appellant was nominated by the sheriff as a deputy, and that the oath was administered to him, but, no order of approval of the appointment was made by the court, nor does it appear that the county judge ever had any knowledge of it. There appears no order of the county court, with reference to the appointment. The county clerk is not the county court. Hence, the court did not err in overruling the motion for a directed verdict of not guilty, based upon the claim of being a deputy sheriff. The acts of a *de facto* officer are valid as to third parties, but, not otherwise.

The judgment is therefore reversed and cause remanded with directions to set aside the judgment, sustain the demurrer to the indictment, and for other proper proceedings, not inconsistent with this opinion.