STATE v. ARTHUR BOELK AND OTHERS.[1]

July 7, 1933.

No. 29,500.

*Arthur LeSueur,* for appellants.

*Neil M. Cronin,* City Attorney, and *Leo P. McHale,* Assistant City Attorney, for the state.

[1]Reported in 249 N. W. 569.

410

*PER CURIAM.*

Appeal from a judgment of the municipal court of Minneapolis, Hennepin county, convicting the defendants of disorderly conduct under a city ordinance of that city.

November 21, 1932, these defendants, together with several other persons, marched to the courthouse of the city of Minneapolis for the purpose of waiting upon the acting mayor in an attempt to effect relief for the unemployed. It is evident that the delegation was expected, inasmuch as the Minneapolis police, between 40 and 60 in number, were waiting for it. The testimony is in conflict as to the number of marchers, some witnesses putting the number as high as 400 and others as low as 200. It was the intention of the delegation to name a few of its number as a committee to go into the courthouse. The police were there to see that there was no undue demonstration. The defendant Karson, who was one of the leaders, got upon the bumper of a parked automobile and began to read off the list of marchers who were to accompany him into the office of the acting mayor. The Minneapolis chief of police was on the steps of the courthouse waiting to accompany the committee.

According to the testimony of inspector Bleed, who was also on duty when the delegation arrived, he told the crowd that they could call their committee but that there was to be no speaking or any other demonstration. Immediately after this message was delivered to the crowd one of the marchers stepped upon the rear bumper of an automobile and commenced a speech. Bleed started toward him with the intention of putting a stop to the speaking but was immediately struck by other members of the delegation, and a general fight started between the delegation and the police. All of these defendants were arrested during the fight.

Appellants base their appeal on the ground that the judgment convicting the defendants was not justified by the evidence. Their contention is that the police commenced an unprovoked attack upon the marching delegates and were guilty of needless brutality in the process of arrest.

We think the appellants' position is untenable. It is true that the defendants testified that the fight was started by the police.

Some bystanders who may or may not have been interested were of this opinion. In contradiction the state produced members of the police and bystanders to substantiate the state's position that the police were attempting to quell a disorderly gathering.

In view of the fact that the trial court has found against the defendants, we must view the evidence in the light most favorable to the state. We think the trial court's finding that the defendants were guilty was clearly justified by the evidence.

The appellants contend also that the police were guilty of "needless and unprovoked brutality" in the process of arrest and afterward in the jail. The state's witnesses assert that the police were beaten with clubs improvised by breaking off the handles of the standards carried by the marchers. We do not think that the use of riot clubs by the police in retaliation was "needless and unprovoked brutality." The police were greatly outnumbered, and severe means were necessary to put down the disturbance. The members of the police who testified as to the treatment of the defendants after their arrest denied that the defendants were treated with unnecessary harshness. Even assuming this contention of defendants to be true, the method of their arrest and subsequent treatment has no bearing upon their guilt or innocence of the acts complained of. No showing was made by defendants that evidence material to the case was obtained from the defendants by coercion.

The judgment is affirmed.