## STATE v. SAM K. DAVIS.[1]

May 15, 1936.

No. 30,785.

*Henry Paull,* for appellant.

*Richard S. Wiggin,* City Attorney, and *Leo P. McHale,* Assistant City Attorney, for the State.

[1]Reported in 267 N. W. 210.

I. M. OLSEN, JUSTICE.

Defendant was convicted of disorderly conduct by the municipal court of the city of Minneapolis, under an ordinance of that city, and appeals from the judgment.

Defendant alleges errors as follows: (1) That the evidence is insufficient to sustain the conviction; (2) that the defendant did not have a fair trial because of bias and prejudice of the court; (3) that the ordinance is unconstitutional.

The evidence shows that the defendant was one of the leaders in staging, conducting, and continuing a noisy and disorderly demonstration on the streets of the city of Minneapolis adjoining the courthouse and city hall building, wherein county and city officers and employes were at work. The demonstration continued for nearly two hours. Some 500 to 700 people were in the crowd and covered and obstructed the sidewalks and part of the streets. Defendant made two or more speeches to the gathering, denouncing in intemperate language the city government and the city police. When the people were ordered by the officers to move on, defendant told them not to go and continued his speaking. After repeated orders by the police officers to move on, part of the people moved away, but defendant and part of the crowd remained until dispersed by the police. The evidence is amply sufficient to sustain the conviction.

Defendant urges that a permit for a parade had been issued by the mayor to an organization called the "Federal Workers of Local #574," and that other organizations, including one known as the "Unemployment Council," of which he was a member, had joined in the parade. Such permit to parade cannot be held to authorize any gathering of the participants in massed crowds on the streets and sidewalks such as was done here, or continuance of such a demonstration for hours, adjoining the city and county building. Defendant was one of the captains and leaders of the parade. That the hundreds of city and county officers and employes in the building just outside of which this demonstration was carried on and travelers on the busy streets there located were disturbed and annoyed cannot be doubted.

The evidence well sustains the conviction. For cases illustrating what acts constitute disorderly conduct see State v. Broms, 139 Minn. 402, 166 N. W. 771; State v. Boelk, 189 Minn. 409, 249 N. W. 569; Garvin v. City of Waynesboro, 15 Ga. App. 633, 84 S. E. 90; People v. Burman, 154 Mich. 150, 117 N. W. 589, 25 L.R.A.(N.S.) 251; Mount Sterling v. Holly, 108 Ky. 621, 57 S. W. 491; People v. Pierce, 85 App. Div. 125, 83 N. Y. S. 79; 18 C. J. pp. 1216-1218.

■ The defendant charges that he did not have a fair trial because of bias and prejudice of the judge who tried the case. There is no complaint as to any rulings or conduct of the court during the trial. The claim of bias and prejudice is based on the fact that after the trial ended and the court had found the defendant guilty, and before imposing sentence, the judge asked the defendant some questions about his family, age, place of birth, and residence. The court, before anything further was brought out, informed the defendant that he need not answer questions if he did not want to do so. There were further questions asked, many of which defendant answered and some of which he declined to answer. At the end of the examination the judge made some general statements of his views as to defendant's conduct and his political activities. It appeared that defendant had twice before been convicted of disorderly conduct. In his own testimony he had gone to great length into questions of other disturbances in the city, the claimed grievances of which he and others complained, and the alleged misdeeds of the police and city government. He had quite fully expressed his own views on these matters. What the judge said to him before imposing sentence was no doubt induced by defendant's own testimony. As stated in State v. Broms, 139 Minn. 402, 403, 166 N. W. 771, 772, in speaking of a statement by the court, made after the close of the case and before sentence, on which error was assigned: "We do not think these statements of the court should be so considered." No prejudice appears.

■ It is claimed that the ordinance under which defendant was convicted is unconstitutional. This ordinance, in practically the same form, has been in force since 1887 in the city of Minneapolis. There have been numerous convictions under it, including two prior

384

convictions of this defendant. Several appeals from convictions under it have reached this court. Its constitutionality has never been questioned as far as we know. The ordinance reads [Minneapolis Charter and Ordinances, 1872-1925, p. 760]:

"Sec. 2. Any person or persons who shall make, aid, countenance or assist in making any noise, riot, disturbance or improper diversion, and all persons who shall collect in bodies or crowds in said city, for unlawful purposes or to the annoyance or disturbance of the citizens or travelers, shall, for each offense, on conviction before the Municipal Court of the City of Minneapolis, be liable to the same fine and punishment provided for in section one of this ordinance."

The fact that the validity of the ordinance has not heretofore been raised in this court does not prevent the raising of that issue now, but may be taken into consideration. We have given the ordinance due consideration and hold that it does not violate any provision of the state or federal constitution. No ground for so holding appears in defendant's brief.

The judgment appealed from is affirmed.