## Bard v. Board of Drainage Com'rs of Hickman County.

### Bard et al. v. Same.

(Decided May 27, 1938.)

J. C. SPEIGHT for appellants.

W. H. HESTER for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

A suit in equity begun by the Board of Drainage Commissioners of Hickman County against Everette Bard was consolidated with a suit in equity begun for the same plaintiff against Mrs. Ella Bard, Everette Bard and Earl Bard. By a judgment entered in these consolidated actions, certain land belonging to Ever-

ette Bard alone was ordered sold to satisfy the following sums which were adjudged to be liens against it for the construction and maintenance of the Bayou De Chien drainage project.

"For the year, 1929, the sum of $79.90, with maintenance assessment of $11.85, with 6% interest from Dec. 1, 1929.

"For the year 1930, $99.05, with 6% interest from December 1, 1930.

"For the year 1931, $73.70, with maintenance assessments of $11.85 with 6% interest from Dec. 1, 1931.

"For the year 1932, for the sum of $71.10, with maintenance assessment of $11.85, with 6% interest from December 1, 1932.

"For the year 1933, for the sum of $64.44, with 6% interest, from December 1, 1933.

"And for the year 1934, for the sum of $65.77, with 6% interest from December 1, 1934.

"And for the year 1935, for the sum of $65.10, with 6% interest from December 1, 1935.

"And for the further sum of 6% penalties for each of said delinquent taxes."

Lands belonging to Mrs. Ella Bard, Everette Bard and Earl Bard were ordered sold to satisfy the following sums adjudged against them for the construction and maintenance of this ditch.

"For the year 1929, for the sum of $581.31, with a maintenance assessment of $87.10, with 6% interest from the 1st day of December, 1929.

"That the district assessment on said land for the year 1930, is $561.79, with 6% interest thereon from December 1, 1930.

"A district assessment lien for the year 1931, for the sum of $542.19, with maintenance assessment of $87.10 together with 6% interest on said sums from the 1st day of December, 1931.

"That the district assessments thereon for the year 1932, amount to the sum of $522.60, with 6% interest from the 1st day of December, 1932.

"That the district assessment for the year

1933, for the sum of $500.03, with 6% interest from Dec. 1, 1933.

"That the district assessment for the year 1934, is for the sum of $483.41, with 6% interest thereon from Dec. 1, 1934.

"And that the district assessment for the year 1935, amount to the sum of $463.81, with 6% interest from December 1, 1935; that a penalty of 6% attaches to said amount from the time they became delinquent."

These two cases were consolidated and were heard together in the trial court, they have been consolidated here and we shall dispose of them together.

### The Parties Appellant.

These parties superseded these judgments and have attempted to appeal, and have filed a statement, which statement is in part as follows:

"Court of Appeals of Kentucky.

"Everette Bard, Ella Bard, et al., Appellants v. Board of Drainage Commissioners of Hickman County, Kentucky, Appellees

"Consolidated

"Statement * * *

"The names of the parties to this appeal are as stated in the caption.

"The judgment appealed from was rendered at the March Term of the Graves Circuit court on the 6th day of March, 1936, and attached hereto as a basis for this appeal."

From this copy it will be seen that these parties attempted to make Earl Bard an appellant by including him under the expression "et al.," but we have frequently written that such is insufficient to make one a party to an appeal.

We had this question before us in the case of Adams v. Wells et al., 254 Ky. 797, 72 S. W. (2d) 476, where we held that such an expression in the statement of an appeal made no one a party to the appeal except the parties specifically named. This is a general rule in appellate practice and in Section 1009, p. 1032 of 3 C. J., it is stated this way:

"By the weight of authority the word, 'etc.'

after the name of an appellant or appellee does not make any but those mentioned parties to the appeal, and the designation 'et al' is insufficient to bring in parties not mentioned.''

The rule is thus stated in 4 C. J. S. p. 876, Section 413:

"It is frequently held that the word 'etc.' after the name of an appellant or appellee does not make any but those mentioned parties to the appeal, and the designation 'et al' is insufficient to bring in parties not mentioned.''

We have a number of cases supporting this rule.

See: Castleman v. Homes, 23 Ky. 591, 7 T. B. Mon. 591; Barnett's Trustee v. Feichheimer, 5 Ky. Law Rep. 183; Tandy v. Wolfe, 270 Ky. 556, 110 S. W. (2d) 277; and the numerous Kentucky cases cited in footnotes of 3 C. J. and 4 C. J. Our practice requires very little pleading on the part of an appellant in taking an appeal, but by Sec. 739 of the Civil Code of Practice he must name all the appellants and all the appellees in the statement and that means name them specifically. Since Earl Bard's name was not given in this statement, he is not appealing.

### History of the Ditch.

This drainage project was begun by H. H. Graham and a number of other petitioners in the Hickman County Court, April 1, 1918, under the Act of March 19, 1912. See Ch. 132 p. 483, Acts of that year, now Sec. 2380-1 et seq., Kentucky Statutes.

On July 15, 1918, it was ordered that this drainage project should be continued and be completed under the provisions of the Act approved March 16, 1918, and that the Board of Viewers should proceed to make and report, survey and view of all the lands to be embraced in the drainage district under and pursuant to the provisions of the Act of 1918, same being Ch. 64, Acts of that year, Sec. 2380b-1 et seq., Kentucky Statutes. This order was made pursuant to the provisions of Sec. 54 of that Act, now Sec. 2380b-54 Kentucky Statutes.

That was done and shortly thereafter an appeal was taken to the Hickman Circuit Court and from the orders of the Hickman Circuit Court an appeal was taken to this court. See Mobile & Ohio Railroad Company v. Board of Drainage Com's of Hickman County,

193 Ky. 514, 236 S. W. 958, wherein the action of the Hickman Circuit Court was affirmed. The case went back to the Hickman Circuit Court for the completion of this drainage project. Such proceedings were had that the project was completed and assessments made against the lands of these appellants as their contribution for the construction of this drainage project and the ditch was ordered established. These appellants paid the assessments against them for a number of years. On Oct. 26, 1925, they filed suit in the Graves Circuit Court against the present appellee in which they sought to recover $4,000.00 damages which they alleged they had sustained by the appellee's negligent construction and maintenance of this drainage project, which they alleged resulted in loss to them of crops, etc., in the years 1923, 1924 and 1925. They were unsuccessful in that litigation and appealed to this court where the judgment against them was affirmed. See Bard et al. v. Board of Drainage Com'rs of Hickman County et al., 234 Ky. 263, 27 S. W. (2d) 968.

Since then they have refused to pay the assessments against their property, for either the construction or maintenance of this ditch, and this litigation has resulted. We have over 1,000 pages of record, and we have been cordially invited by appellants to review about every step taken in all this previous litigation.

## Status of Appellee.

When this drainage district was established pursuant to the provisions of Sec. 2380b-54, Kentucky Statutes, it became, has since been, and now is, a quasi public drainage corporation, with the power to sue and be sued, and such other powers as are incident to such a corporation, and the plaintiff board has since been and now is in charge of its affairs.

## Answer Filed.

The appellants filed a most elaborate answer, which, with the exhibits filed with it, constitutes 426 pages of this record. They have filed most elaborate briefs (258 pages) much of which is single spaced. The briefs and pleadings filed by appellants are not verbose, but are rather terse and to the point, and their great volume is caused by the numerosity of the questions they have tried to raise and to discuss. These questions relate principally to alleged conflicts of Sec.

2380b-1 et seq., Kentucky Statutes, with provisions of our state and federal constitutions. In their briefs they claim and declare these conflicts to be:

"In so far as Sec. 2380-1 et seq. and as far as subsections 1, 9, 11, 12, 13, 19, 18, 21, 23, 28, 29, 30, 33, 34, 44, 46, 47, undertake to give the management of a corporate bounded corporate subdivision, of the state, which is not co-extensive with the county, over to a county Board of Drainage Commissioners appointed by the County Judge of the county, and as follows: (1) In so far as such county board is attempted to be made managers and officers for as many separate and distinct corporate drainage districts as may be organized in the courts of the county; (2) In so far as said county board is attempted to be given authority to employ a single secretary and a single treasurer to act for as many drainage districts not coextensive with the county as may be organized in the county; (3) Insofar as said sections attempt to enable a county drainage board to elect other public officers for a drainage district which is not coextensive with the county; (4) insofar as said sections attempt to enable one who is not a resident of a governmental district to be an officer for such district; (5) Insofar as said sections attempt to enable and make it lawful for public officers for a drainage district to not have their offices within the corporate bounds of same; (6) insofar as said sections attempt to enable individuals who have not made bond or taken the constitutional oath of public office to be a public officer for a corporate bounded drainage district; (7) insofar as said officers are attempted to be created for a drainage district corporation without the following qualifications: (a) Who have not been elected by those who own land in the district or reside therein, excluding voters who have no interest and do not live within the drainage district, or (b) By electing officers by the land holders voting in proportion to his monetary interest therein as outlined under Sec. 207 of Kentucky Constitution; (8) Insofar as one individual is attempting to be made a public officer for two separate and distinct drainage districts; (9) Insofar as said sections permit or attempt to enable an individual to be a public officer for a drainage district and at the

same time be a public officer for another subdivision of the state for a governmental purpose; (10) Insofar as said sections attempt to enable an individual to be a public officer, for a drainage district who has not resigned all other offices and quit acting in all other public offices; (11) Insofar as said sections attempt to enable pleading in court to be made for a drainage district corporation by an individual who has not been elected by those who own stock in the corporation, or their elected representatives; (12) Insofar as said sections attempt to enable a public officer for a drainage district to hold over, after his term has expired; (13) Insofar as said sections attempt to enable the county judge of a county to be an appointing officer for a corporate bounded district not coextensive with the county; (14) And insofar as said county board is attempted to be given authority to keep one drainage record for all separate and distinct drainage districts within a county with the proceedings for said districts intermingled in the record whereby it is impossible to ascertain facts about one drainage district without going through the records for all the other drainage districts within the county; (15) And in so far as said sections attempt to enable an individual to be a county officer and not reside and have his public office within the county, and that said subsections of said statutes are in violation of sections 2, 3, 14, 25, 26, 141, 27, 28, 135, 157, 161, 162, 175, 178, 6, 13, 51, 107, 165, 173, 242, 207, 234, of Kentucky Constitution, Sec. 18 Civil Code of Practice, Section 1364 of Kentucky Statutes, Article 4, Section 4 of U. S. Constitution and the 14th Amendment of same, U. S. C. A. Constitution, art. 4, section 4; amendment 14, also Sec. 62 Civil Code of Practice and Sections 3744, 3746, and 3747, Carroll's 1930 Kentucky Statutes, and said subsections of said Drainage Statutes should by this court be declared void and of no effect to the extent aforesaid."

We have carefully considered these multiplied and mutifarious allegations and have found no merit in any of them. Time and space that would be necessary for such, compel us to decline to discuss them in detail in this opinion. These questions fall into these two general classes. Alleged errors and irregularities in the

establishment of this drainage district and the right, or as appellants put it, the lack of right, of the members and officers of the Board of Drainage Commissioners of Hickman County, Kentucky, to hold and fill the positions they now hold.

As to the alleged errors and irregularities in the establishment of this drainage project the answer is that such irregularities, if any there be, entered into and were a part of the action of the Hickman Circuit Court by the judgment of which this drainage district was established, and these attacks are but collateral attacks on that judgment and hence are unavailing.

As to the right of the members of this drainage board to hold the offices they hold and to conduct this suit and the other affairs of this drainage board, the answer is: They are at least de facto officers. The pleadings of the appellants show they are in possession of the officers, are exercising the duties of the offices they occupy, and have been doing so for many years. Hence their acts as such officers are as valid so far as these appellants are concerned as would be their acts if they were officers de jure. See Rice v. Com., 66 Ky. 14, 3 Bush 14; Holland v. Stubblefield, 182 Ky. 282, 206 S. W. 459; Wells v. Com., 195 Ky. 754, 243 S. W. 1032.

Nothing said herein is to be construed as even intimating these officers are not de jure officers. We have written what we have merely to show the appellants cannot collaterally attack their rights to hold the offices they are holding and to discharge the duties and exercise the powers and functions of those offices. These are actions to collect certain assessments made on the lands of these appellants made years ago. They do not intimate they have paid those assessments and the trial court properly adjudged a sale of their lands to satisfy the liens to secure them.

Judgment affirmed.

The whole court sitting.