## Williams v. Pierson.

Nov. 13, 1945.

T. O. Jones for appellant.

Arthur T. Iler for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

R. L. Pierson was arrested by the marshal of the town of Drakesboro, Muhlenberg County, who had a search warrant for his automobile. The arrest was made outside the corporate limits of the town, after the marshal had trailed Pierson through the town and past his home. Being of the opinion that Pierson was drunk, and had violated the law by driving through Drakesboro in that condition, the marshal put him under arrest and took him before W. B. Williams, the appellant in this action, who is the police judge of Drakesboro, where a charge of operating an automobile while intoxicated was

made against him. The judge was of the opinion that Pierson was too drunk to be tried when he was first brought before him or released on bond, so he committed him to jail. Late in the afternoon he was brought before the judge and the warrant was read to him. He requested that the trial be continued until the next day so he could get his witnesses. According to the testimony for the judge in this action, Pierson said he did not want his witnesses subpoenaed, but would bring them with him. Pierson's automobile was left as surety for his appearance at the trial. At the time set for the trial Pierson appeared before the judge and said he wanted the trial put off and that he wanted his witnesses summoned. The judge proceeded to try Pierson without a jury, though Pierson told him he wanted one. His punishment was fixed at a fine of $100, and judgment was entered accordingly. The automobile remained in the hands of the officers as surety for the payment of the fine and costs. A few days thereafter Pierson instituted this action in the Muhlenberg circuit court in which he sought a writ of prohibition to prevent Williams from proceeding under the judgment, and to have his automobile delivered to him. The judge of the circuit court ruled that the judgment was void, because the police judge refused to grant Pierson a trial by jury.

Williams is now challenging the correctness of that ruling. We think his position is well taken. KRS 26.400 provides that the use of a jury in criminal cases in the police court in a city of the fifth class, of which Drakesboro is one, shall be governed by section 319 of the Criminal Code of Practice. That Code provision follows: "The issues of law and fact shall be tried by the judge, in all cases in which the only punishment is a fine of sixteen dollars or less; in other cases the defendant may demand that issues of fact be tried by a jury."

The police judge had jurisdiction of both the subject matter and the person, and he had a right to try Pierson on the misdemeanor charge without the intervention of a jury, if Pierson did not demand such a trial. It was his view, because Pierson said nothing about a jury trial when he was released from jail on the day he was arrested, that he had waived such a trial. In this we think he was in error, since Peirson had a right to demand that the issues of fact be tried by a jury. Even

if he had waived one on the day he was released from jail, he still had a right to demand such a trial before the proceeding was actually begun. But the question is, Did refusal of the police judge to grant Pierson a trial by jury make his judgment of conviction void or only erroneous?

The case of City of Mt. Sterling v. Holly, 108 Ky. 621, 57 S. W. 491, 492, disposes of the question as to whether or not Pierson was entitled to a jury trial as a matter of right under section 7 of the Constitution, since he was charged with a misdemeanor and not a felony. In that case the defendant was arrested on two warrants charging her with disorderly conduct. She was fined $5 in each case. She prosecuted an appeal to the Montgomery circuit court on the grounds that the ordinance under which she was arrested was void and that she was improperly denied a trial by jury in police court. The circuit court sustained her contentions and dismissed the warrants. This Court held the ordinances to be valid, and on the question of a jury trial it was said: ''Section 3530, Ky. St., empowers the police judge to hear and determine cases within his jurisdiction, except 'where the fine may be more than twenty dollars,' and in such cases the defendant may demand that the issue of fact be tried by a jury. The police judge refused to allow appellee a jury trial, and it is insisted that in this he erred, as by section 319 of the Criminal Code of Practice the defendant is entitled to a jury trial in all cases in which a fine of over $16 may be imposed; but this provision of the Code was repealed by the Kentucky Statutes passed since its adoption, pursuant to section 156 of the constitution, for the government of the cities of the state. Nor is the statute unconstitutional on the ground that it denies a jury trial. Section 7 of the constitution provides, 'The ancient mode of trial by jury shall be held sacred and the right thereof remain inviolate;' and, by section 11, the accused 'in prosecutions by indictment or information shall have speedy, public trial by an impartial jury of the vicinage.' The two sections together preserve the ancient mode of trial by jury in criminal cases, and require this trial to be speedy and public. But, when this constitution was adopted, provisions similar to section 319 of the Code of Practice had long been in force in this state, and had been upheld by the uniform current of authority, for the reason that

such offenses were not, at common law, required to be tried by a jury. * * *"

It is almost universally held that the trial court in a criminal case where the defendant pleads not guilty can not direct the jury to return a verdict of guilty if there is any dispute as to the facts or conflict in the evidence, and also that it is for the jury and not the trial judge to pass upon the facts. In the case at bar Pierson denied that he was drunk. This clearly presented an issue of fact which he was entitled to have tried by a jury, so it would have been error for the judge of the Drakesboro police court to have directed a verdict of guilty in the event there had been a jury. 53 Am. Jur., Trial, section 407. Annotation in 22 L. R. A., N. S., 304; Annotation in 75 L. Ed. 177. We follow the same rule in this jurisdiction. Wells v. Commonwealth, 195 Ky. 754, 243 S. W. 1032. But the decisions which we have examined on this question do not hold that the judgment based upon the directed verdict of guilty is void, but rather is erroneous. It strikes us that the result is substantially the same in an instance where the trial judge refuses a defendant a jury trial and where he himself determines the facts and directs a verdict of guilty. In neither event would the issues of fact be passed upon by a jury. We hold, therefore, that the denial of Pierson's demand for a jury trial merely made the judgment of guilt erroneous and not void.

Wherefore, the judgment of the case at bar is reversed, with directions that it be set aside, and for the entry of a judgment consistent with this opinion.