George Washington STEWART, Petitioner,

v.

Hugo TAUSTINE, Judge, Louisville Police Court, Respondent.

Court of Appeals of Kentucky.

Dec. 16, 1960.

As Modified on Denial of Rehearing

March 24, 1961.

W. W. Evans, Louisville, for petitioner.

Foster DeWees, Asst. City Atty., Louisville, for respondent.

WILLIAMS, Judge.

This original action seeks by writ of mandamus to require the Judge of the Louisville Police Court to impanel a jury to try the petitioner on a charge of petit larceny. The petitioner feels his constitutional rights have been abrogated by the refusal of the respondent so to do.

█ Without reaching the merits of petitioner's contention we are of the opinion that the writ will not lie. Section 110 of the Kentucky Constitution invests this Court with the power to issue such writs as may be necessary to give it a general control of inferior jurisdictions. The exercise of that control is limited to cases in which the inferior court is acting without its jurisdiction, or is acting erroneously within its jurisdiction, with the result that irreparable injury will occur and there exists no adequate remedy by appeal or otherwise. Evans v. Humphrey, 281 Ky. 254, 135 S.W.2d 915; Cadden v. Smith, Ky., 264 S.W.2d 71; Thompson v. Wood, Ky., 277 S.W.2d 472.

The Louisville Police Court has jurisdiction of all penal and misdemeanor cases where the punishment is limited to a fine of not more than $500 or imprisonment not exceeding twelve months, or both. Petit larceny is punishable by imprisonment of one to twelve months. KRS 433.230.

█ When a jury trial is authorized and timely motion made, the court's denial of such motion is improper, and the judgment rendered against the defendant is erroneous. Williams v. Pierson, 301 Ky. 302, 191 S.W.2d 574. Consequently, the refusal of this respondent to order a jury trial was improper and, although within his jurisdiction, was erroneous. It follows that to be entitled to the relief sought the petitioner must suffer irreparable injury and be without adequate remedy by appeal.

██ It is well established that, when an adequate remedy exists, the court will not grant a writ of mandamus. Smith v. Burnett, 300 Ky. 249, 188 S.W.2d 480. KRS 26.080 establishes the right to appeal from a judgment of the police court which assesses a fine of $20 or more, or which assesses a fine and imprisonment exceeding ten days. If petitioner should be dissatisfied with the judgment of the Police Court, he has the right under the above-mentioned statute to appeal to the Jefferson Circuit Court. Although recognizing he has the right to appeal, he maintains that he will suffer irreparable injury in the process. However, in his petition he does not state what injury he will suffer. The statement in his brief that he is a pauper and will be compelled to remain in jail during the time his case is being appealed is not supported by anything in the record.

It is apparent petitioner is not entitled to the relief sought because he has a remedy by appeal, and has failed to show that he will suffer irreparable injury.

The writ of mandamus is denied.