CASE 67—PETITION ORDINARY—OCTOBER 7.

# Moxley's administrators vs. Moxley.

APPEAL FROM SHELBY CIRCUIT COURT.

1. A proposition or offer imposes no obligation on the party making it, unless it be accepted by the party to whom it is made; and the acceptance must, where no time is fixed by the proposer, be within a reasonable time, to be determined by the nature of the case.

2. If no definite time is stated, the inquiry as to what is a reasonable time within which a proposition must be accepted, is as to what time it is rational to suppose that the parties contemplated; and the law will decide this to be that time which, as rational men, they ought to have understood each other to have in mind.

3. A petition alleges that on the —— day of ——, 1851, defendant's testator proposed to plaintiff that if he would quit his business and trade of carpenter, and come and live with the testator on his farm, that he would do, &c.; and avers that the plaintiff, confiding in the promises so made, did, on the —— day of ——, 1851, quit his said trade and go, &c.—but does not allege in terms or in substance that he accepted the proposition within a reasonable time after it was made, nor show any acts of the testator waiving the failure to accept it within such time. *Held*—Upon demurrer, that the dates are not so stated as to enable the court to infer, by the most liberal intendment, that the acceptance was within a reasonable time; and that the petition sets out no valid contract.

4. The breach of a contract is an essential part of the cause of action, and should be assigned in the words of the contract, or in words which are *co-extensive* with the *import and effect* of it. (*Chitty's Pleadings*, 332 ) If the breach vary from the *sense* and *substance* of the contract, and be either more *limited* or *larger* than the covenant, it will be insufficient. (*Ibid*, 334.) It is not necessary that it should be assigned in the words of the covenant, but the expressions must be of the like import, or rather, such words must be used as show that they cannot be true unless the covenant is broken. (3 *Marshall*, 532.)

5. The rules of pleading which require that the contract itself shall be substantially set out, as well as the breach of which the plaintiff complains, are fundamental, and have neither been abrogated nor essentially modified by any of the provisions of the Civil Code.

6. The substance of an alleged agreement is, that the plaintiff should quit his business and trade of carpenter, and should come and live with defendant's testator on his farm, and that the latter *would do as well* or *better* for the plaintiff than the plaintiff was doing or could do by his said trade; and the breach assigned is, that the testator and his representatives had failed to pay to the plaintiff any part of the sum of $1,200 per year, that being the annual value of the plaintiff's trade and business. *Held*—That the breach as assigned is insufficient.

T. B. & J. B. COCHRAN, and BROWN & WHITAKER, for appellants, cited 1 *Parsons on Contracts, p.* 403 ; *Chitty, p.* 34 ; *Stephens on Pleading,* 252, *et seq.;* 1 *Greenleaf, sec.* 108.

C. M. HARWOOD, on same side, cited 2 *Story's Equity*, secs. 1106, 1107, *and authority cited in note* 1 ; *Wilcox vs. Wilcox*, 2 *Vern. Ch'y Rep., case* 506 ; *Moxley vs. Moxley, MS. opin. January*, 1857 ; 2 *Bla. Com., p.* 379 ; *Chitty on Contracts, 5th Am. ed., pp.* 73, 74, *and note;* 1 *Met.*, 79.

J. M. & W. C. BULLOCK, for appellee, cited *Civil Code, sec.* 161 ; 1 *Met.*, 553.

T. N. & D. W. LINDSEY, on same side, cited 1 *Met.*, 557.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

The only question we shall deem it important to consider, as the case is now presented, is that which arises on the demurrer to the amended petition.

In that amendment it is alleged, in substance, that on the—— day of ——, 1851, the testator, in his lifetime, proposed to plaintiff that if he, the plaintiff, would quit his business and trade of carpenter, and undertaker of carpenter's work, and come and live with the testator on his farm, that he would do as well or better for the plaintiff than the plaintiff was doing or could do by his said trade of carpenter.

That the plaintiff, confiding in the promises so made, did, on the —— day of ——, 1851, quit his said trade, and go to the farm of the testator in his lifetime, and live with and aid and assist said testator in his business, from the —— day of ——, 1851, until the death of the testator in 1855.

And the plaintiff avers that his business and trade of carpenter, &c., was worth $1,200 per year, of which the testator and his representatives had notice. " Yet said testator in his lifetime, nor said administrators with the will annexed, since the death of said testator, hath or have *paid plaintiff any part of the said sum of money*," although often requested, &c.

To the sufficiency of this pleading two objections are urged by the appellants :

1. That it sets out no valid contract between the parties, upon which the plaintiff was entitled to recover ; and

2. That it fails to assign a sufficient breach of the contract as alleged.

1. A proposition or offer imposes no obligation on the party making it, unless it be accepted by the party to whom it is

made. But this is not all. The acceptance must be within a reasonable time. And the question what is or is not a reasonable time, must be determined by the nature of the case. "It may be said," says Parsons, "that whether the offer be made for a time certain or not, the intention or understanding of the parties is to govern. If the proposer fixes a time, he expresses his intention, and the other party knows precisely what it is. If no definite time is stated, then the inquiry as to a reasonable time resolves itself into an inquiry as to what time it is rational to suppose that the parties contemplated; and the law will decide this to be that time which, as rational men, they ought to have understood each other to have in mind."

Tested by these principles, it is clear that the facts alleged in the amended petition do not, of themselves, import an agreement, or authorize the legal deduction that any contract of the character here sought to be enforced, existed between the parties at the time of the death of the testator. The plaintiff does not allege, in terms or in substance, that he accepted the proposition within a reasonable time after it was made. Nor are the dates so stated as to enable the court to infer, by the most liberal intendment, that the acceptance was within a reasonable time. He avers that the offer was made on the —— day of ——, 1851, and that he, confiding in the promises of the testator, did, on the —— day of ——, 1851, quit his trade, &c. It is obvious that, in cases of this kind, time becomes an assential element to be considered in determining the legal effect of the alleged acceptance. This proposition, so far as any thing to the contrary appears in the pleading, may have been made in the beginning of the year 1851, and the acceptance of it may have been made at the end of that year. If so, could it be said, in view of the circumstances of the parties, or of the nature and subject-matter of the negotiation, that the acceptance was within a reasonable time, or, in the language of the authority quoted, is it rational to suppose that the parties, or either of them, could have contemplated such a lapse of time between the making of such an offer on the one hand, and its acceptance on the other? We think not. And our conclusion is, that upon this ground the demurrer to

the amended petition should have been sustained. There can be no doubt that the plaintiff might have shown, by suitable averment, that the testator had, by his acts, waived the effect of the plaintiff's failure to accept the proposition within a reasonable time. But the amended petition contains no averment that can be so construed.

2. The second objection is still more manifestly fatal.

The breach of a contract is an essential part of the cause of action, and the assignment of the breach must, in all cases, be governed by the nature of the stipulation.

The breach should be assigned in the words of the contract, either negatively or affirmatively, or in words which are *co-extensive* with the *import and effect* of it. (*Chitty's Pleadings*, 332.)

If the breach vary from the *sense* and *substance* of the contract, and be either more *limited* or *larger* than the covenant, it will be insufficient. (*Ibid*, 334.)

In the case of *Hord vs. Trimble*, (3 *Marsh.*, 532,) this court laid down the rule that, to make the breach in covenant good, it is not necessary that it should be assigned in the words of the covenant. "But the expressions must be of the like import, or rather, such words must be used as show that they cannot be true unless the covenant is broken." Other and later cases to the same effect might be quoted, if it were necessary.

. But the rules of pleading which require that the contract itself shall be substantially set out, as well as the breach of which the plaintiff complains, are fundamental, and must be too well understood to require either illustration or authority, at this day. And it is a great mistake to suppose that those rules have been either abrogated or essentially modified by any of the provisions of the Civil Code.

Is it not apparent, then, that the breach of the contract attempted to be assigned in the pleading under consideration, is altogether insufficient? The substance of the alleged agreement is, that the plaintiff should quit his business and trade of carpenter, and should come and live with the testator on his farm, and that the latter *would do as well* or *better* for the plaintiff than the plaintiff was doing or could do by his said trade;

Moxley's administrators vs. Moxley.

and the breach assigned is, that the testator and his representatives had failed to pay to the plaintiff any part of the sum of $1,200 per year, that being the annual value of the plaintiff's trade and business. Now it can hardly be argued that the words of this breach are co-extensive with the import and effect of the contract, the only stipulation of which, on the part of the testator, was not to pay to the plaintiff in money a sum equal to what his trade was worth per year, but to do as well, or better for the plaintiff than he was doing or could do by his trade and business. Could this undertaking of the testator, to do as well or better for the plaintiff than he was doing or could do at his trade, be discharged in no other way than by the payment in money of what that trade was worth?

The breach, then, as assigned, varies from the sense and substance of the contract. It is more limited than the contract in its import and effect. The words of the breach may be true, and yet the word of the testator may stand unbroken. He may have failed to pay the plaintiff the sum of money mentioned, " or any part thereof," and yet, through an almost inconceivable number of other channels, he may have bestowed, benefits upon the plaintiff almost inconceivable in number and value, and may thus have redeemed his promise to do better for the plaintiff than the latter was doing or could do by his trade.

It results that the court erred in overruling the demurrer to the amended petition.

The judgment is therefore reversed, and the cause remanded, with directions to sustain the demurrer, giving to the plaintiff leave further to amend his petition, if he desires to do so, and for a new trial and further proceedings not inconsistent with this opinion.