## Giltner v. McCombs Producing and Refining Company.

(Decided February 22, 1921).

### Appeal from Jefferson Circuit Court (Common Pleas, Third Division).

1. Principal and Agent—Commissions.—One who enters into a contract for the sale of property, either real or personal, for another for compensation, and in pursuance to the contract finds a purchaser who is able, willing and ready to buy the property at the price and on the terms fixed by the principal, but the sale is not consummated because the principal refuses to carry out the contract, is entitled to his commission in the same way as if the sale had been completed.

2. Pleading—Conclusion of Pleader.—The averment of mere conclusions of law without the facts from which they are deduced in a pleading is bad.

3. Pleading—Action for Value of Services—Sufficiency.—A petition which states with reasonable certainty the time of the making of the contract, the promise to pay a definite amount for services, the performance of the services in accordance with the agreement, the finding of a purchaser as required by the agreement and the purchaser's ability and willingness to buy and pay for the property at

the price and on the terms fixed by the principal, the refusal of the principal to carry out the contract, although the purchaser is ready to take the property and pay for same, and demand of the agent for his commission and refusal of the principal to pay, states a cause of action.

BROWN, LOGAN & MYATT, J. BLAKEY HELM and CLAYTON B. BLAKEY for appellant.

GRUBBS & GRUBBS and STITES & STITES for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellant, Giltner, claiming to be the broker or agent of the McCombs Producing and Refining Co. for the sale of a certain number of shares of its capital stock, and having found a purchaser at the price and on the terms proposed by the company, brings this action to recover of said company his commissions or compensation for the services rendered, although the company, he charges, violated its agreement and failed and refused to issue the stock to the purchaser who was ready, able and willing to buy and pay for the same.

After showing the corporate capacity of the company to sue and be sued, and the changing of its name, the petition avers in substance that the defendant company, in the fall of 1918, promised and agreed to pay plaintiff 8900 shares of its capital stock for his services in selling J. W. McCulloch 44,500 shares of its capital stock; that he sold to McCulloch said number of shares of stock and McCulloch was ready, able and willing to take and pay for same in accordance with the terms and conditions agreed upon between Giltner and the company, but said company refused to issue said stock to McCulloch although it had agreed to do so; that McCulloch offered to pay to the company the full price which the company asked and proposed to take, according to the company's terms, but the company refused to accept payment or issue the stock to McCulloch; that having fully performed his part of the contract he demanded of the company 8900 shares of its capital stock in payment for his services according to the agreement between them, but the company failed and refused to issue or deliver to him said stock or any part thereof or to pay him for his services. It is further alleged that the stock of the company, which was of the par value of $1.00 per share, was at the time of the sale worth $2.50 per share in the market or a

total of $22,250 for the 8900 shares which was due him for his services.

To this petition a general demurrer was sustained by the trial court, and the plaintiffs declining to further plead, the action was dismissed and Giltner appeals to this court.

In sustaining the demurrer to the petition the trial court said:

"The rules of pleading require that the contract sued on shall be substantially set out and the breach thereof assigned in the words of the contract or in words which are co-extensive with the import and effect of it.

"See Moxley v. Moxley, 2 Met. 309; Averback v. Hall, 14 Bush 505; Miles v. Miller, 12 Bush 134.

"The petition not conforming to these requirements the demurrer thereto is sustained."

It must be conceded that the rule stated by the court in sustaining the demurrer is fundamental and absolutely sound, but has it application to the pleading in this case?

One who enters into a contract with another for the sale of property, either real or personal, for compensation, and performs his part of the agreement by finding and producing a purchaser who is willing, able and ready to buy the property offered for sale at the price and on the terms which the principal has fixed and agreed upon with the agent or broker, and the principal refuses to deliver or convey the property and no sale for that reason is consummated, the agent or broker is entitled to his pay or commission and may recover same of the principal. Coleman's Ex'r v. Meade, 13 Bush 358; Futrell v. Reeves, 165 Ky. 282; Curry v. Fetter, 15 K. L. R. 494; Pope v. Caddell, 125 Ky. 837; Womack v. Douglas, 157 Ky. 716; Mueller v. Nugent, 187 Ky. 61.

There is no dispute that the Code forbids the allegation of a mere conclusion of law deduced from facts not stated but requires that the facts constituting the cause of action or defense shall be set out in the pleading. Newman's Pleading and Practice, Vol. I, page 270. When the pleading avers in plain and concise language that the defendant agreed and promised to do a certain named thing or pay a certain designated debt it is a statement of fact and not a conclusion of law. Nor is the averment that defendant promised and agreed to pay or give a definite number of shares of stock for the performance of a certain named sale a conclusion of law. Facts may under our

Code be pleaded according to their legal effect, and when the basic facts are alleged showing the right of plaintiff to recover, a demurrer will not lie even though the pleading be indefinite or lacking in formality.

The petition states with reasonable certainty the time of making the contract, the promise to pay an agreed amount for the services of plaintiff; the performance of services in accordance with the agreement; the finding of purchaser for the stock who was able, ready and willing to buy and pay for same at the price and on the terms which the defendant company fixed; that the defendant company failed and refused to issue or sell the stock to the buyer which plaintiff produced although it had agreed to do so; thereafter plaintiff demanded of the company the issual to him of the 8900 shares of the stock in payment for his services, which was refused by the company. We think this was a reasonable compliance with the rule requiring a pleading to substantially set out the contract and the breach thereof. While the petition is a very feeble and inapt attempt to state a cause of action we are constrained to the view, after much consideration of the matter, that it was sufficient on general demurrer and the demurrer should have been overruled. In a case like this where the pleading is not up to the standard of good pleading, counsel should unhesitatingly amend it so as to bring it clearly within the Code requirements, when this can be done, as appears would have been quite easy in this case.

Judgment reversed.