## Dillingham v. Board of Drainage Commissioners of McCracken County.

(Decided March 26, 1926.)

### Appeal from McCracken Circuit Court.

1. Drains—Board of Drainage Commissioners is Not Liable for Negligent or Malicious Acts of its Servants (Kentucky Statutes, Sections 2380, 2380b).—Under Kentucky Statutes, sections 2380, 2380b, board of drainage commissioners acts solely as agency of state in performance of governmental functions, and is not liable for negligent or malicious acts of its servants.

2. Drains—Board of Drainage Commissioners Cannot be Held Liable for Damage Caused by Failure to Perform Acts Enjoined Upon it by Statute (Kentucky Statutes, Sections 2380, 2380b).—Board of drainage commissioners may be compelled to perform acts enjoined upon it by Kentucky Statutes, sections 2380, 2380b, as ministerial officers, but cannot be held liable for damages caused by failure to perform such acts, since board may assess lands to cover cost of such acts, but cannot assess lands or procure from any other source funds to pay for negligence of itself or its agents.

JAMES T. WEBB and JAMES DEBORD for appellant.

WHEELER & HUGHES for appellees.

Opinion of the Court by Commissioner Sandidge—
Affirming.

A general demurrer was sustained to appellant's
petition, as amended, and upon his declining to plead fur-
ther it was dismissed. The appeal then brings to us the
question whether or not the petition states a cause of
action. From its allegations it appears that by appro-
priate steps and proceedings Mayfield creek drainage
district No. 1 has been established in McCracken county,
Kentucky, with provision for the drainage of the lands
within its boundaries under our drainage laws at the
expense of the property to be benefited. It is charged that
the duty of constructing the public ditch and its laterals
designed to accomplish the drainage of that district
devolved upon appellee, board of drainage commission-
ers, under the law and by virtue of the proceedings had
to establish the drainage district. After pleading those
facts the petition then alleged that:

> "The defendant has wholly failed to perform
> its said duty and obligation and to comply with said
> judgments and orders of said courts and to construct
> and maintain such ditches, canals, levees and laterals
> as were and are necessary to prevent the overflow
> of said lands; water standing on them and to drain
> the same, and failed to construct and maintain the
> Carney creek and Rives branch laterals and that
> said laterals were material and necessary to said
> drainage and the ditches, canals and levees which
> it did construct were and are inadequate and insuf-
> ficient to accomplish their end and design and to
> prevent the overflow of and standing of water on
> said land of plaintiff, and that as the direct natural
> and proximate result of defendant's said acts and
> failures said land on the occasion of ordinary rain-
> fall has been overflowed and stood in water more than
> before the commencement of said improvements, has
> afforded no benefit nor relief to said plaintiff, and
> has been rendered wholly worthless for the purpose
> of cultivation; and that during the years 1923 and
> 1924, he planted crops of tobacco and corn on 25
> acres of said land and made every possible effort
> and attempt to cultivate them in a good, proper and
> farmerlike manner, yet, notwithstanding they
> planted and attempted to so cultivate said crops,
> they were entirely ruined and destroyed and the

ruin and destruction thereof was the natural, direct and proximate result of the careless and negligent acts and failures of the defendant in providing and maintaining such inadequate, defective and insufficient ditches, canals, levees and laterals.''

The quoted allegations of the petition were fortified by amendment as follows:

''Plaintiff says that notwithstanding the existence and validity of such orders and judgments of said court but in violation of the terms and spirit thereof the defendant, board of drainage commissioners of McCracken county, has wholly failed and still fails to remove the dirt and debris and obstructions from the rights of way of said Rives branch and Carney creek laterals, and has failed to construct said laterals or either of them so as to connect with said main canal as fully provided by said judgment and orders so as to drain the water from plaintiff's land in said drainage district, and have failed to erect or dig out said laterals at all, and has wholly failed to provide any manner or means of said water to run off or escape from plaintiff's land, but his land overflows, worse, and the water stands on it more than it did before said judgment was rendered or said drainage enterprise was placed in the hands and under the care and control and management of the defendant, and before said canal was opened, and he says by reason of the failure of said defendant to construct said laterals as provided by said judgment plaintiff has been injured and sustained damages as is fully set forth in his original petition, and his said damages have all been caused by the negligence, carelessness and failure of the defendant, and of their failure to perform their duty as commissioners, and by their failure to comply with the orders and judgments of the court, that said judgments and orders were duly and regularly rendered, and the court had jurisdiction of the subject of the action and of the parties and that none of said judgments and orders have ever been reversed, appealed from or modified, or in any way changed, but the same are all in full force and effect.''

Appellant placed his damages at $3,200.00 and sought to recover that amount herein.

An examination of our statutes relating to public ditches and drains, sections 2380 and 2380b, and their various subsections, will disclose that a board of drainage commissioners organized thereunder is but an arm of the state, an instrumentality of government, and that in doing such things and performing such acts as it is given authority to do and perform it is engaged solely as an agency of the state in the performance of governmental functions. Its only source of revenue is taxes it is authorized to levy. Its authority to levy taxes is exhausted when from that source it has provided funds enough to construct and maintain the drainage system for its drainage district. Such agencies of the state performing governmental functions are not liable for the negligent or malicious acts of its servants. See Zoeller v. State Board of Agriculture, 163 Ky. 446; Dunn v. Central State Hospital, 197 Ky. 807, 248 S. W. 216, and the cases therein cited.

The Zoeller case, *supra,* and Leavell v. Western Kentucky Asylum, 28 Rep. 1129, decide contrary to appellant's contention that the fact that the statute providing for the creation of boards of drainage commissioners provides that they shall be bodies corporate, with authority to contract and be contracted with, and to sue and to be sued, is not the state's permission to sue such of its agencies for the tortious acts of their officers or servants. In the latter case it was said:

"We are of the opinion, therefore, that the right given appellee by the statute to sue, and to others to sue it, is to be taken in a qualified sense, and should not be so construed or extended as to make it responsible to persons injured by reason of the misconduct or negligence of its inmates or employees."

An analysis of the allegations of the petition makes it to appear that the negligence charged and relied upon in appellant's petition consists solely in appellee's failure to do and perform the acts and duties enjoined upon it by the statutes authorizing its creation and the proceedings had to effect that purpose. The statutes authorized the creation of appellee, board of drainage commissioners, only for the purpose of constructing and maintaining the system of drainage ditches provided for in the proceeding in the McCracken county court under which appellee was created. In performing the duties devolving upon it by virtue of our statutes, and the pro-

ceedings under which appellee was created, it and its members are merely ministerial officers whose duties are enjoined upon them by law. Their actions in the premises can be coerced at the hands of the court. Authority may be found in our drainage laws for appellee to levy upon and collect from the lands embraced within its drainage district taxes to produce enough revenue to pay the cost of doing all the things appellant by his petition charges to have been negligently left undone; but no authority may be found anywhere for appellee to impose upon the lands of that district or to procure from any other source funds with which to pay for the negligence of itself or its agents or servants.

The trial court properly sustained a demurrer to appellant's petition, and the judgment herein will be affirmed.

Judgment affirmed.