# Bard et al. v. Board of Drainage Commissioners of Hickman County et al.

(Decided May 9, 1930.)

J. E. WARREN for appellants.

F. B. MARTIN, J. D. VIA and L. L. HINDMAN for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

In 1921 the Bayou-de-Chien drainage district in Hickman and Graves counties was duly established under the act of 1918, which is section 2380b-1 et seq., Kentucky Statutes. By section 1 of the act the judgment establishing the district may be executed by orders of the court establishing it. By section 3 the proceeding is begun by petition of a certain number of property holders. By sections 4 and 5 viewers are appointed who will report certain facts. By section 6 notice is then given to all landowners, and by section 9 they may file exceptions to the report. By section 10 the court, ruling on the exceptions, may establish the district. By section 11 the district is then referred to the board of drainage commissioners. By section 14 the board may appoint a civil engineer, who shall make a survey, plans, and map. By section 15 the board may adopt the plan of the civil engineer or may modify it. It then files its report with the court, and the court appoints appraisers under section 16. By section 17, when the appraisers make their report, exceptions may be filed thereto. By sections 18 and 21 the court then hears the matter and may confirm the report or modify it, and the board, under the judgment of the court, may then contract for the construction of the drains.

Appellants own a tract of land in the district. They brought this suit against the board of drainage commissioners of Hickman county in its corporate capacity, also against H. M. Cresap, W. E. Jones, and Peeler Ringo, the three members of the board, J. A. Porter, the engineer, and A. J. O'Meara, the contractor, personally. They alleged these facts:

The drainage district was duly established, and the construction and maintenance of a canal and laterals through and in the district was provided for in accordance with certain plans and specifications and of dimensions as to width and depth as fully set out in the order establishing the district and providing for such construction. The defendants entered upon the construction of the drainage canal and partially constructed it for a distance of 10,200 feet from the beginning, but did not complete it by digging or constructing it of the size and depth provided for. Practically all of the work done by them was done during the year 1923. The canal and laterals,

1 and 2, could have been fully constructed and completed as provided in the specifications by the exercise of ordinary care on the part of the defendants before the end of the cropping season of 1923, but they abandoned the construction in the year 1923, and have since negligently and carelessly failed to complete the work or to properly maintain and keep open the part so constructed, but have allowed it to become filled up, by reason of which the plaintiff's land, which lies below, has become flooded and the crops ruined in the years 1923, 1924, and 1925, to their damage in the sum of $4,000. The defendants demurred to the petition. Their demurrer was overruled. They then filed an answer in which they pleaded, in substance, that, in keeping with the orders establishing and providing for the construction and maintenance of the drainage district, the defendants did, in 1923, enter upon the construction of the canal under the orders, and did in all respects construct it according to the directions and under the judgment of the court, and in all respects in keeping with the plans and specifications made for the construction of the same. They also denied the allegations of the petition as to abandoning the work at any time or negligently failing to carry it out. They alleged that J. A. Porter was appointed chief engineer, and that he, under the directions of the board, made surveys, plans, and specifications for the construction of the drainage system, and that the canals and laterals were constructed in keeping with these plans and specifications; that A. J. O'Meara was the lowest and best bidder and was awarded the contract; that the work was done in a good and skillful manner and in keeping with the plans and specifications. The plaintiffs by their reply denied that the defendants in all respects constructed the drainage canals and laterals according to the directions under the judgment of the court, in keeping with the plans and specifications made for the construction of same, or that A. J. O'Meara constructed the canal in keeping with the plans and specifications or the orders and directions of the court. The defendant filed a demurrer to the reply. The court sustained the demurrer to the reply, and then sustained the demurrer to the original petition so far as it applied to the board of drainage commissioners, in its corporate capacity, J. M. Cresap, W. E. Jones. Beeler Ringo, and J. A. Porter, but overruled the demurrer as

to A. J. O'Meara. The plaintiff filed an amended reply in which he alleged that the board had settled with O'Meara and paid him and thus released the surety in his bond, although he had not finished his work. They then filed a second amended reply in which they set out the bond executed by O'Meara, and alleged that the board was withholding from the contractor and had on hand $3,000, which they had not paid him, and that the board also had other available funds and the power to levy taxes to produce necessary funds, not only for the construction of the drainage canal and its maintenance, but also to provide for such an emergency as was presented by the failure to complete this work. The court sustained the defendant's demurrer to the amended reply, and, the plaintiffs failing to plead further, dismissed the action. The plaintiffs appeal.

In Dillingham v. Board of Drainage Commissioners, 214 Ky. 263, 283 S. W. 95, it was held that the corporation created by the statute is simply an arm of the state government, and that such an agency of the state performing governmental functions is not liable for the negligent or malicious acts of its agents. Under the principles settled in that opinion the demurrer of the corporation was properly sustained; for the corporation was but a public agency of the state, whose only funds are derived from taxation.

As to the civil engineer, under the statute it is his duty to make surveys, plans, and specifications, but he reports to the board, which may modify the plans or specifications or any of them, and the board then reports to the court, which enters a final judgment on the matter and may make such modifications as it sees proper in the plans and specifications. The plans and specifications are therefore in the end the work of the court, and the engineer is not responsible to any property owner for the plans and specifications. It is not alleged in the petition that the engineer, after the plans and specifications were made, falsely represented any matter to the board, and in fact, under the statute, his authority ends when he reports to the board his plans and specifications. The demurrer was therefore properly sustained as to the civil engineer, J. A. Porter.

As to the contractor A. J. O'Meara, his liability, if any, only rests upon his not performing his contract. If the rule laid down in Tobin v. Frankfort Water Co., 158

Ky. 348, 164 S. .W. 956, applies in drainage cases a question not decided, still, to maintain an action upon the contract, the plaintiff must set out the terms of the contract, as in other cases, and state facts sufficient to show that the contract was breached. The allegation that the work was not done according to the plans and specifications, without any showing what the plans and specifications were, or what was not done that should have been done, is merely a conclusion of the pleader. The facts must be stated showing not only what the contract was, but that there was a breach of the contract. The petition here failed to state these facts, and the demurrer to the petition was properly sustained.

"The rules of pleading which require that the contract . . . be substantially set out, as well as the breach of which the plaintiff complains, are fundamental," and have not been changed by the Code. Moxley v. Moxley, 2 Met. 309; Huffaker v. National Bank, 12 Bush, 287; Giltner v. McCombs, etc., Co., 190 Ky. 601, 228 S. W. 8; Davidson v. Falls, 215 Ky. 368, 285 S. W. 209.

The drainage commissioners are public officers discharging the duties imposed by the statute under the direction of the court. Appellants are parties to the proceeding, and, if the court's officers fail to perform their duty, they may have remedy in that proceeding; where such public officers have duties to perform under the direction of the court, and such duties involve the exercise of discretion and judgment on their part, any party to the proceeding may have remedy by application to the court, and, until this is refused, may not complain that his property is taken without due process of law. In case such officers do not obey the orders of the court, and damages are suffered by a landowner by reason of their wrongful acts, compensation for which is sought in an action against them personally, the plaintiff should clearly state facts in his petition showing that the officers have not obeyed the orders of the court. Mere conclusions of the pleader are not sufficient. Here there are no definite allegations setting out the orders of the court or their substance or stating the facts as to what was performed or not properly performed pursuant thereto. It is not alleged what was the length, depth, or width of the ditch under the specifications or orders of the court or what was the length, depth, or width of the ditch which the

defendants dug or did not dig. The denial that the board constructed the canal and laterals "in all respects" according to the directions of the court was insufficient. The facts are not pleaded so that the court can tell what the truth of the matter is or determine the rights of the parties. A general demurrer is properly sustained when the pleading "does not state facts sufficient to constitute a cause of action," Civil Code of Practice, sec. 93. The commissioners are officers of the court appointing them. Their acts in obedience to the orders of the court appointing them are the acts of the court. They should obey the orders of the court and are not liable for what is done pursuant to the orders of the court with ordinary care and in the exercise of a reasonable discretion. 46 C. J. p. 1042-1044, secs. 326-328. All other questions are reserved.

Judgment affirmed.