## Thrasher et al. v. Knight et al.

(Decided February 3, 1931.)

BARNES & SMITH for appellants.

GLOVER H. CARY, H. A. BIRKHEAD and G. D. CHAMBERS for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

W. F. Thrasher and his wife, Sarah Thrasher, brought this action against the drainage commissioner of Hancock county and certain landowners to obtain a mandamus or mandatory injunction requiring them to reconstruct, maintain, and repair a drainage districts theretofore constructed, and to recover damages growing out of their failure to repair the ditch. A demurrer was sustained to the petition as amended, and the petition as amended was dismissed. The Thrashers appeal.

Briefly stated, the facts alleged are these: After proper proceedings, a judgment was rendered establishing the ditch. The judgment provided that the waters draining the lands owned by defendants should be drained into Yellow creek, a tributary of the Ohio river. To reach that creek, it was necessary to conduct the water across the lands of the Thrashers. The judgment provided that the waters accumulated in the ditch should be carried underground through a drainage tile across the lands belonging to the Thrashers into Yellow creek, and that the ditch should be so constructed and maintained as not to interfere with or destroy a large pond of fresh water on the lands of the Thrashers, and used for stock water and other purposes. It was further provided in the judgment that the dam or embankment which the Thrashers had constructed across a natural depression on their lands, and which had been used for the purpose of retaining the water in the pond, and as a roadway across the depression, should be maintained in its present condition, and that the construction of the ditch should not in any wise interfere therewith. Thereafter, as the lands were cleared and drained into the ditch, the flowage of water was so increased that the facilities for taking care of and conducting the water across the Thrasher lands into Yellow creek were rendered insufficient, and the pond and roadway were completely destroyed. The underground tile was permitted to be filled with dirt and debris to such an extent that the water would not pass through, and was thereby cast on, and injured, the Thrasher lands.

The claim for damages against the drainage commissioner and the landowners cannot be sustained. The board of drainage commissioners acts solely as agency of the state in the performance of governmental functions,

and is not liable for the negligent or malicious acts of its servants. Dillingham v. Board of Drainage Commissioners of McCracken County, 214 Ky. 263, 283 S. W. 95; Bard v. Board of Drainage Commissioners of Hickman County, 234 Ky. 263, 27 S. W. (2d) 968. The landowners in the district are not charged with the duty of maintain · ing or repairing the ditch, unless proceeded against in the manner provided by statute.

But appellants insist that they were entitled to a mandamus or mandatory injunction requiring the drainage commissioner and the landowners to reconstruct, maintain, and repair the ditch. There being no duty on the part of the landowners, as before stated, to perform this work, unless proceeded against and required to do so in the manner provided by statute, there is no basis whatever for the insistence that, in the absence of such a proceeding, performance may be enjoined by the courts. But the point is made that appellants were entitled to relief against the drainage commissioner because section 2380-39, Kentucky Statutes, makes it his duty to keep all levees, ditches, drains, or other like improvements under his charge open, free from obstruction, and in good repair. The other provisions of the statute must not be overlooked. In carrying out the work enjoined the drainage commissioner, outside of that portion of the cost provided for and paid out of the original assessment on any drainage district, is authorized to make an additional assessment on the lands in that district. It not being alleged that the drainage commissioner has on hand sufficient funds to do the work arising either from the original assessment or from a subsequent assessment made pursuant to the statute, it is clear that the court cannot compel him to do the work. The suit is not to compel him to make a special assessment for the purpose of keeping the ditch open, free from obstruction, and in good repair, and whether that can be done on a clear showing of necessity and abuse of discretion is a question concerning which we express no opinion.

Judgment affirmed.