## Jackson v. Hickman County et al.

(Decided May 2, 1933.)

WEBB & WEBB and J. C. SPEIGHT for appellant.

L. L. HINDMAN, J. D. VIA and F. B. MARTIN for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Pursuant to the statute (Ky. St. sec. 2380b-1 et seq.), the "Brush Creek Drainage District" was established by a judgment of the Hickman county court. N. H. Jackson was the owner of a farm lying just north of the Baltimore and Columbus public road. The main ditch runs north and south, and the public road crosses it about 1,300 feet east of the Jackson residence. Under the plan of reclamation, there was constructed a lateral extending from the main ditch west on the south side of the public road to a point just west of Jackson's residence. At a point about half way from the main ditch to Jackson's residence there was a natural drainage, and a culvert had been maintained over the channel so

.that the water from the south might pass through the road onto Jackson's land and from there to the creek. At its October term, 1920, the fiscal court of Hickman county made the following order:

"Hickman County Court. October 1920. Ordered that the Board of Drainage Commissioners be authorized to dump dirt from the lateral ditch on the Baltimore & Columbus road into said road near Ross Jackson's place for the purpose of making a levee without any expense to the county, said Ross Jackson having agreed with the court to level same and put it in good traveling condition free of charges."

Thereafter the drainage board dug the lateral and placed the dirt on the public road, thus making a levee 4 to 6 feet in height from the main ditch to a point just beyond Jackson's residence. In constructing this levee, the natural drainage was filled up and the culvert that had been maintained was removed. By reason of this obstruction, and of the fact that the west end of the lateral was lower than the east end, the water was caused to flow on Jackson's land at a point just west of his residence.

Relying upon the foregoing facts, Jackson brought suit against Hickman county, the members of the fiscal court, and the board of drainage commissioners and its members, to recover damages in the sum of $10,000 for the injury to his land, and to require the board of drainage commissioners to open the levee at the point of the natural drainage, and to deepen the ditch at the east end thereof so that the water would flow in that direction; it being alleged that this could be done by the collection of an assessment of 10 per cent. on the original cost of the improvement. The board of drainage commissioners and its members interposed a demurrer to the petition as amended, and the demurrer was sustained. The county and the members of the fiscal court defended on the ground that they had nothing to do with the construction or maintenance of the drainage ditch or district, or in the location of the ditch or laterals, but that the whole matter was under the management and control of the board of drainage commissioners; that plaintiff and the board of drainage commissioners requested permission to put the dirt from one of the laterals on the Baltimore and Columbus

road, representing that same was a part of the plan of reclamation, and that said levee and road would be a protection to plaintiff's property; that thereupon the foregoing order of October, 1920, was made; that in keeping with said order the drainage board did build said levee and raise said road; that said order was made at the instance and request of plaintiff and the board of drainage commissioners; that plaintiff was conversant with the plan of reclamation and agreed and insisted that said construction be made; and that, by virtue of plaintiff's agreement that said dirt should be placed on the road, he was estopped from claiming damages against the defendant Hickman County or any of its board of magistrates. An issue out of chancery being ordered, the case went to trial as to the county. At the conclusion of the evidence the court gave the following instructions:

"No. 1. The Court instructs the jury that if they shall believe from the evidence in this case that the lands and premises of the plaintiff, N. H. Jackson, have been injured or damaged by reason of the construction of the levee on the Baltimore and Columbus road at the point indicated in the evidence or the placing of dirt from the Brush Creek lateral thereon, then the law is for the plaintiff and you should so find unless you believe as set forth in Instruction No. 2."

"No. 2. Although the defendant, Hickman County may have authorized the Hickman County Board of Drainage Commissioners to deposit the dirt from said lateral ditch upon said public road, still if you believe from the evidence that such authorization was made by agreement, consent or procurement of the plaintiff, Jackson, then the law is for the defendant, Hickman County and you shall so find."

The jury found for the county. Judgment was then rendered dismissing the petition both as to the county and the board of drainage commissioners. From that judgment this appeal is prosecuted.

It is earnestly insisted that the allegations of the county's answer are not sufficient to constitute an estoppel, and that the order of the fiscal court was not binding on appellant.

The county had nothing to do with constructing the levee. All that it did was to authorize the placing of the dirt on the road. If it be true that this was a part of the reclamation plan, and was known to appellant, and the authority was given at his instance and request, he cannot hold the county liable for injury resulting from the manner in which the work was done, and in the doing of which the county took no part. We therefore conclude that the answer presented a good defense. There might be some merit in the contention that the order of the fiscal court was not binding on appellant if it had been made to appear that it was entered in his absence and without his consent. Though appellant's evidence was to the contrary, there was evidence that he was present and agreed to the order, and there can be no doubt that the question, whether the authorization was made by the agreement, consent, or procurement of appellant, was a question for the jury. In the circumstances we perceive no reason why the judgment in favor of the county should be reversed.

But appellant insists that the petition stated a cause of action against the board of drainage commissioners, and that the board's demurrer was improperly sustained. In reply to this contention it is sufficient to say that the board of drainage commissioners acted solely as an agency of the state in the performance of governmental functions, and is not liable for the negligent or malicious acts of its servants. Dillingham v. Board of Drainage Commissioners, 214 Ky. 263, 283 S. W. 95; Goodman v. Board of Drainage Commissioners, 229 Ky. 189, 16 S. W. (2d) 1036; Bard v. Board of Drainage Commissioners, 234 Ky. 263, 27 S. W. (2d) 968; Thrasher v. Knight et al., 237 Ky. 260, 35 S. W. (2d) 282.

The suit is not for a mandamus or mandatory injunction compelling the board of drainage commissioners to levy a special assessment to reconstruct or repair the ditch so as to make it sufficient for the purpose intended. Whether the board has the power to make such an assessment, and whether at the instance of an aggrieved landowner the court on its refusal may compel it to do so, is a question concerning which we express no opinion. Thrasher v. Knight, supra.

Judgment affirmed.